253 So.2d 129 (1971)
STATE of Florida ex rel. Terry Michael HANKS and Rudolph Frank Seymour, Petitioners,
v.
The Honorable Murray GOODMAN, One of the Judges of the Criminal Court of Record, in and for Dade County, Florida, Respondent.
No. 41516.
Supreme Court of Florida.
October 6, 1971.
Harvey S. Swickle, Miami Beach, Phillip A. Hubbart, Lewis Kimler and Stephen I. Mechanic, Miami, for petitioners.
Robert L. Shevin, Atty. Gen. and Reeves Bowen, Asst. Atty. Gen., for respondent.

ON REHEARING
ADKINS, Justice.
In this original proceeding in mandamus this Court entered an order denying the petition. Both petitioner and the Attorney General of Florida, representing the respondent, has requested that an opinion be filed. Because of the great public interest, *130 we have determined to answer the following question proposed:
"Does the 60-day period mentioned in Section (a) (2) of the Speedy Trial Rule (Criminal Procedure Rule 1.191) begin to run upon the filing and service of a demand for trial by the defendant before he is charged with the crime by indictment, information or trial affidavit?"
Under the provisions of Rule 1.191, Rules of Criminal Procedure, 33 F.S.A., the 60-day period does not begin to run until a demand for trial by the defendant has been filed in accordance with the provisions of the rule after defendant has been charged with a crime by indictment, information or trial affidavit.
The purpose of Rules of Criminal Procedure, Rule 1.191, is to give the court control of its docket so that guilt or innocence may be determined in a manner consistent with the proper investigation and preparation of the case by the prosecution and, at the same time, guaranteeing to the defendant his constitutional right to a speedy trial.
The pertinent provision of Section (a) (2) reads as follows:
"* * * every person charged with a crime, by indictment or information or trial affidavit, shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, * * *." (Emphasis supplied.) (In re Florida Rules of Criminal Procedure, 245 So.2d 33)
This should be read in connection with the following provisions of Section (c) of the Speedy Trial Rule:
"A demand for speedy trial binds the accused and the State. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain trial sooner than otherwise might be provided. A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared for trial." (Emphasis supplied.) (245 So.2d 33, 35)
After a demand for speedy trial has been filed, the court should not summarily dismiss a defendant at the expiration of the 60-day period provided in the rule. It is not only appropriate, but necessary, to ascertain whether or not the accused had a "bona fide desire" to obtain the speedy trial and to determine whether or not the accused or his attorney "has diligently investigated his case, and that he is prepared" for trial. If these prerequisites to the filing of the demand were not met, the demand for speedy trial should be stricken as being null and void.
Under the provisions of former Fla. Stat. § 915.01, F.S.A., a defendant, without any preparation for trial, could demand a speedy trial, investigate and prepare his case while the time was running, and, after filing the required number of demands in accordance with the statute, would automatically be entitled to discharge because of a technicality. Under the present rule, he is required to be tried within approximately the same period of time, but he cannot control the criminal docket by merely filing spurious demands for the speedy trial for which he is not, in fact, prepared.
The question arises as to the effect of the failure of the prosecution to immediately file an indictment or information or trial affidavit. If the defendant is in custody and there is no probable cause for holding him, he has an immediate remedy through habeas corpus or the provisions of the Rules of Criminal Procedure relating to preliminary hearing. In any event, the rule requires that trial be commenced within *131 180 days from the date the defendant is taken into custody.
The petition for rehearing is denied.
ERVIN, Acting C.J., and CARLTON, McCAIN and DEKLE, JJ., concur.