RAWLS, Judge
(dissenting).
Petitioner, Roosevelt Young, was arrested on September 10, 1970. A preliminary hearing was held on October 9, 1970, resulting in petitioner being bound over to the Circuit Court. On May 14, 1971, Young’s attorney filed a demand for a speedy trial. On July 20, 1971, an indictment was returned against Young. By its Per Curiam decision this Court has held that under the authority of State ex rel. Hanks v. Goodman[1] petitioner’s demand for speedy trial was premature.
In the Hanks decision [2] the Florida Supreme Court apparently held that an accused who has not had an indictment or information returned against him is not entitled to the speedy trial protection of Fla. R.Crim.P. 1.191. The Supreme Court of this State has apparently drawn a marked distinction between the speedy trial rights afforded an accused who has been privileged by having the State return an indictment or information against him and an accused who has only been arrested and either jailed or released on bond. Can the Constitutions of our nation and state support such a distinction ? I think not.
The Sixth Amendment of the federal Constitution grants to all citizens of this land the right to a speedy trial.[3] From the date of statehood the citizens of the State of Florida through the adoption of their Constitution have guaranteed themselves the right to speedy trial.[4] The legislatures and the courts are free to implement the right, but they are possessed with no power to limit or narrow the right to speedy trial.[5]
The right to a speedy trial is afforded by the Florida and the United States Constitutions to an “accused.” [6] Does a person become accused only after he has been indicted? In Escobedo v. Illinois[7] the United States Supreme Court held that the prosecution of an “accused” can begin prior to indictment. Speaking directly to when an “accused” becomes entitled to a “speedy trial” the federal Supreme Court held in Dickey v. Florida [8] that such right attaches whenever a great delay occurs after arrest.
Ten months lapsed between petitioner’s arrest and the return of an indictment by the State. Eight months had passed when petitioner filed his motion for speedy trial. Surely this was such a great delay after arrest[9] that petitioner as an accused should be afforded his right to a speedy trial as guaranteed him by our federal and *66 State Constitutions.[10] Any rule of the Supreme Court of our State which denies petitioner this inalienable right cannot stand.[11]
Article I, Declaration of Rights, Section 13, Constitution of the State of Florida, provides, inter alia:
“Habeas corpus. The writ of habeas corpus shall be grantable of right, freely and without cost.”
I would treat the Suggestion for Writ of Prohibition as a Petition for Writ of Ha-beas Corpus, and direct that the prisoner should be discharged from the charges lodged against him in this proceeding on the sole ground that he has not been afforded his constitutional right to a speedy trial.

. State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla.1971).

. State ex rel. Hanks v. Goodman, supra.

. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 D.Ed.2d 1 (1967).

. Art. I, Declaration of Rights, See. 16, Constitution of the State of Florida, F.S.A.

. Nickens v. United States, 116 U.S.App. D.C. 338, 323 F.2d 808, 813 n. 4 (1963).

. Art. I, Declaration of Rights, Sec. 16, Constitution of the State of Florida; and the U. S. Constitution, Amend. VI.

. Escobedo v. Illinois, 378 U.S. 478, 490, 84 S.Ct. 1758, 12 L.Ed.2d 977, 986 (1964).

. Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1504, 26 L.Ed.2d 26 (1970).

. Dickey v. Florida, supra.

. U.S. Constitution, Amend. YI; and Art. I, Declaration of Rights, Sec. 16, Constitution of the State of Florida.

. Klopfer v. North Carolina, supra.