272 So.2d 129 (1973)
Honorable Jack M. TURNER, Criminal Court Judge of the Criminal Court of Record in and for Dade County, Florida, Petitioner,
v.
STATE ex rel. Michael J. PELLERIN, Respondent.
No. 41744.
Supreme Court of Florida.
January 10, 1973.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for petitioner.
Robert Scott Kaufman, Miami, for respondent.
McCAIN, Justice.
This is a certiorari review of an order of the District Court of Appeal, Third District on grounds of direct conflict with a prior decision of this Court (State ex rel. Hanks v. Goodman, Fla. 1971, 253 So.2d 129) on the same point of law. Fla. Const., Art. V, § 4, F.S.A.
Respondent was arrested on February 18, 1971, was informed against on March 18, 1971, moved for speedy trial on March 26, 1971, and then moved for discharge on July 16, 1971. On July 28, 1971, his motion for discharge was denied and his motion for *130 speedy trial was struck. On Suggestion for writ of prohibition to the Third District Court of Appeal, the writ was issued and respondent was ordered discharged from custody. Ergo, our review.
Hanks, supra, enunciates two basic requirements which must be met by one seeking to perfect his rights under Rule 3.191, Cr.P.R., 33 F.S.A. First, the motion for speedy trial must be made subsequent to the date of the filing of an indictment, information or trial affidavit against the defendant. Second, the defendant must be or will be prepared for trial at the time he makes his motion for speedy trial. Otherwise, the motion will be considered spurious and may be stricken.
Sub judice, the first requirement of Hanks, supra, was met, but respondent fails to pass review on the second requirement.
On March 29 (2 days after filing his motion for speedy trial) respondent moved to compel disclosure of all evidence favorable to him, and then on April 5 he also moved to compel certain witnesses to give depositions.
Notwithstanding the state's conduct surrounding pre-trial discovery, respondent's energetic interventions through motions constitute the antithesis of "a bona fide desire to obtain trial". They certainly are not suggestive of the wondrous thought that respondent "is available for trial, has diligently investigated his case, and that he is prepared", or even that he "will be prepared for trial."
Accordingly, the decision of the District Court of Appeal is quashed and the cause remanded for further proceedings in accord herewith.
It is so ordered.
ADKINS, BOYD and DEKLE, JJ., concur.
ERVIN, Acting C.J., dissents.