ADKINS, Justice.
This cause is here on petition for writ of certiorari supported by certificate of the District Court of Appeal, Third District, that its decision reported at 267 So.2d 348 is one which involves a question of great public interest. Fla.Const., art. V, § 3(b), (3), F.S.A.
The issue presented to this Court, although not stated by the District Court in its certificate, is whether or not an affidavit before a Justice of the Peace which charges a defendant with a felony is a “trial affidavit” within the meaning of Rule 3.191(a)(2), CrPR, 33 F.S.A., the section of the Speedy Trial rule governing right to speedy trial rule on demand.
The rule requires trial within 60 days of the filing of a written demand by any accused “charged with a crime, by indictment or information or trial affidavit.” In the case sub judice, the accused, Mike S. Pi-tofsky, was arrested on two felonies and the arresting officer filed two affidavits alleging the crimes before the Justice of the Peace. Three days after the affidavits were filed, Pitofsky filed a demand for speedy trial, although the case had not even been transferred to the Criminal Court of Record for Dade County, the Court having jurisdiction to hear the cases. Fla.Stat. § 32.01(2), F.S.A. (repealed effective January 1, 1973). A second demand for speedy trial was filed after an information had been filed formally charging Pitofsky in the Criminal Court of Record, but the validity of that demand is not before this Court.
When 60 days had run from the filing of the original demand for speedy trial, Pi-tofsky filed a motion for discharge pursuant to Rule 3.191(a)(2), CrPR, which motion was granted by the trial judge on a finding that the affidavit before the Justice of the Peace was a “trial affidavit” within the meaning of the rule. The District Court reversed, holding that an affidavit filed before a Justice of the Peace who does not have jurisdiction to hear the case is not a “trial affidavit,” within the meaning of the rule as discussed in State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla.1971).
We agree. Of necessity and by simple logic, a “trial affidavit” means an affidavit which can be the basis of a prosecution. It must be a document which can be used to try the accused. Fla.Const., art. I, § 15(a), F.S.A., provides that no person shall be tried for a noncapital felony without a
“[P] resentment or indictment or an information under oath filed by the prosecuting officer of the court.”
By applying Rule 3.191, CrPR, in light of the mandate of the Florida Constitution, it is obvious that filing a demand for a speedy trial subsequent to the filing of a “trial affidavit” can be applicable only in cases involving misdemeanors where the trial affidavit is sufficient to take the case to trial in the appropriate court.
The trial judge found that to treat the affidavit as anything other than a “trial affidavit” within the meaning of the rule would be to allow for delay through the process of information or indictment. This point was considered in State ex rel. Hanks v. Goodman, supra:
“The question arises as to the effect of the failure of the prosecution to immediately file an indictment or informa *165 tion or trial affidavit. If the defendant is in custody and there is no probable cause for holding him, he has an immediate remedy through habeas corpus or the provisions of the Rules of Criminal Procedure relating to preliminary hearing. In any event, the rule requires that trial be commenced within 180 days from the date the defendant is taken into custody.” 253 So.2d 129, pp. 130-131.
Accordingly, the question raised by Pitofsky and by certificate of the District Court of Appeal must be answered in the negative, and the decision of the District Court is approved.
It is so ordered.
ROBERTS, Acting C. J., ERVIN and BOYD, JJ., and DREW, J. (Retired), concur.