277 So.2d 24 (1973)
STATE of Florida ex rel. George RANALLI, Petitioner,
v.
The Honorable William Clayton JOHNSON, As Judge of the Court of Record in and for BROWARD COUNTY, Florida, Respondent.
No. 41319.
Supreme Court of Florida.
April 4, 1973.
Rehearing Denied May 23, 1973.
Joseph A. Varon, and Steadman S. Stahl, Jr., Varon & Stahl, Hollywood, for petitioner.
Robert L. Shevin, Atty. Gen., and Andrew I. Friedrich, and Nelson E. Bailey, Asst. Attys. Gen., for respondent.
ADKINS, Justice.
The petition for writ of certiorari reflected probable jurisdiction in this Court. We issued the writ and have heard argument of the parties and, upon further consideration of the matter, have determined that the writ was improvidently granted.
George Ranalli was charged with five counts of bribery and an information was filed against him on March 30, 1971. On April 1, 1971, Ranalli filed a demand for speedy trial pursuant to Rule 1.191, CrPR (now Rule 3.191, CrPR), 33 F.S.A., which, by the terms of the rule, is deemed
"[A] pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared for trial." Rule 3.191(c), CrPR.
*25 Two weeks after filing the demand for a speedy trial, Ranalli filed a motion to dismiss alleging that the information under which he was charged was so vague that he could not prepare an adequate defense. Trial was set for July 6, 1971, beyond the 60-day limit from the filing of the demand for a speedy trial. On June 9, 1971, Ranalli filed a motion for discharge pursuant to Rule 1.191(d)(1), CrPR.
The trial judge denied the motion, giving three reasons. The District Court of Appeal, 250 So.2d 664, then denied a suggestion for writ of prohibition. Of the three reasons given by the trial judge in denying the motion for discharge, only one is convincing. The others, if made by or expressly relied upon by a District Court of Appeal, would provide jurisdiction by creating direct conflict with decisions of this Court and the District Courts of Appeal. However, denial of a suggestion for a writ of prohibition does not necessarily adopt all of the reasoning of the trial court.
"The writ of prohibition is that process by which a superior court prevents an inferior court from exceeding its jurisdiction or usurping a jurisdiction with which it has not been vested by law." State ex rel. Paluska v. White, 162 So.2d 697, at 699 (Fla.App.2d, 1964). See also State ex rel. Hill v. Hearn, 99 So.2d 231 (Fla. 1957).
Thus, the only statement of law attributable to the District Court in its denial of prohibition in the case sub judice is that the trial court had jurisdiction to hold the trial complained of. With this, there is no decisional conflict.
By filing a motion to dismiss alleging insufficient information for preparation of a defense, Ranalli admitted that his demand for a speedy trial was spurious, because that demand indicated that he was, or would be, prepared for trial. As we said in State ex rel. Hanks v. Goodman, 253 So.2d 129, at 130 (Fla. 1971):
"After a demand for speedy trial has been filed, the court should not summarily dismiss a defendant at the expiration of the 60-day period provided in the rule. It is not only appropriate, but necessary, to ascertain whether or not the accused had a `bona fide desire' to obtain the speedy trial and to determine whether or not the accused or his attorney `has diligently investigated his case, and that he is prepared' for trial. If these prerequisites to the filing of the demand were not met, the demand for speedy trial should be stricken as being null and void."
In addition, as pointed out by the trial judge, the time for speedy trial may be extended "for hearings on pretrial motions." Rule 3.191(d)(2), CrPR.
The other reasons given by the trial judge are merely surplusage unless relied upon specifically by the District Court. It is elementary that the statements of the trial judge cannot be a basis for conflict jurisdiction before this Court, as our jurisdiction requires a decision of a District Court of Appeal which is in conflict with a decision of this Court or of another District Court. Fla. Const., art. V, § 3(b)(3), F.S.A.
We are without jurisdiction to consider the issues raised by Ranalli. Therefore, the writ is hereby discharged and the petition for writ of certiorari dismissed.
It is so ordered.
CARLTON, C.J., and ROBERTS, BOYD and DEKLE, JJ., concur.
ERVIN, J., dissents with opinion.
McCAIN, J., dissents with opinion.
ERVIN, Justice (dissenting):
I am beginning to believe our speedy trial rule is little more than a pretense or snare and delusion. I agree with Justice McCain's opinion. It appears to me that unless the state secures a timely continuance the 60 day limit applies. Also, merely because a defendant files a motion attacking an indictment or information is no basis for holding that he waives his demand *26 for speedy trial. If the state or the Court requires additional time beyond the 60 days, an order should be entered for a continuance prior to the expiration of the 60 days.
McCAIN, Justice (dissenting):
The majority's discharge of the writ should not conceal warm pulsations and leave doubt for perfection of accomplishment by attorneys. A dissenting opinion involving construction of our recent speedy trial rule may point out a form of flight plan which for others in the future may prevent collision with a present but nevertheless prevailing view. Otherwise, the aching head of an attorney will still ponder the problems of a client's fate.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Fourth District, which denied a suggestion for writ of prohibition. I find conflict exists with Dickoff v. Dewell, 152 Fla. 240, 9 So.2d 804 (1942), State ex rel. Johnson v. Edwards, 233 So.2d 393 (Fla. 1970) and State ex rel. Leon v. Baker, 238 So.2d 281 (Fla. 1970).
In this speedy trial case, (alleging violation of Florida Criminal Rules of Procedure, Rule 3.191, formerly Rule 1.191, and effective March 1, 1971), petitioner was indicted on March 5, 1971, arrested March 8 and informed against on March 30. On April 1, 1971, petitioner filed a demand for speedy trial under the rule, which provides for discharge if trial does not thereafter commence within 60 days. A motion to dismiss was filed by petitioner on April 14. On or about April 23, 1971, petitioner received a notice from the clerk of the trial court advising that his trial was set for July 6, some 97 days after demand. Petitioner did nothing until June 9, 1971, when he filed a motion for discharge. This was denied by the trial judge who stated, among other things:
"[T]his court is of the opinion that the defendant has waived any right to object to a July 6, 1971 trial setting when he stood mute subsequent to receiving an April 23, 1971 notice setting the trial for July 6, 1971. In 57 A.L.R.2d 324, it provides: `Where the cause is set for trial in the presence of the defendant and his counsel, and no objection is made to the date beyond the period prescribed by the statute, the objection is deemed to be waived... . If an objection to a trial date beyond the 60-day period is not made within the 60-day period, it cannot validly be made at all; failure to object is the equivalent of consent.'"
A suggestion for writ of prohibition to the District Court was both filed and denied. This certiorari proceeding followed.
The cases alluded to for conflict were decided prior to the effective date of the rule in question, and of course, the essential time elements involved are different. There are, however, certain constants which have survived the transition from statute to rule, the most important of which is that time periods will be strictly construed lest the defendant's rights to speedy trial be violated by state inaction.
The trial judge's order reflected his failure to set an earlier trial date by stating, "Here exists an oversight due to the needed innovation of administrative machinery, which if technically adhered to would place form above substance and deny the state its day in court for a delay of some 36 days." This language sufficiently offends against the speedy trial principles announced in Leon and Dickoff for us to grant certiorari.
Under the former speedy trial statutes, a crowded court docket was never deemed sufficient reason to toll running of the specified time for trial. State ex rel. Leon v. Baker, supra. So, too, the trial judge's bare conclusion that "exceptional circumstances" existed to justify a delay in trial cannot satisfy the exceptional circumstance portion of the rule. Indeed the trial judge admitted that the date of July 6 was an "oversight", and concluded that the "... trial date was set in the usual *27 manner without being focused on that previously filed speedy trial demand ..."
The trial judge also concluded that petitioner's motion to dismiss (filed after his demand for speedy trial) supported his decision to set the trial date beyond the permissible time. This conclusion should also fall. Neither the demand for speedy trial nor the motion to dismiss was considered by the judge in establishing the trial date. Our speedy trial rule (1) binds an accused (who makes a demand for speedy trial), (2) deems the demand as a pleading that the accused is available for trial, and (3) that he is prepared "or will be prepared for trial", and further provides (4) that such demand thereafter may not be waived or withdrawn by the accused except on order of the court, with consent of the state or on good cause shown.
Unfortunately, the trial judge never treated this matter except through hindsight in an attempt to save the case. Underlying the entire rationale of the speedy trial rule is the mutually binding effect of a "demand" upon both the accused and the state.
Certainly this case does no violence to this principle and still places substance above form. Patently there was no conscious neglect of duty on the judge's part, however, this should not help the state since the delay was not attributable to the petitioner. Neither is there any showing that petitioner's motion was dilatory or filed for purposes of a delay, which constitute the basis for the mutually binding nature of the rule.
Finally, the trial judge concluded that petitioner "waived any right" when "he stood mute" subsequent to receiving a notice setting a trial date beyond the permissive time. The record establishes that the notice of trial was mailed to petitioner (not announced in open court) and after his demand was filed. Furthermore, the trial date was selected "... without being focused on that previously filed speedy trial demand... ."
Accordingly, on this point we are faced with this narrow issue... where an accused has invoked his right to demand a speedy trial, does he have to continue voicing it by expressly objecting to a trial date thereafter set beyond the prescribed time. Apparently the majority say "yes" and ignore the patent of nobleness in the exercise of a constitutionally guaranteed right.
Obviously, there can be instances where an accused has not taken any affirmative action, such as voicing an objection to a requested continuance, however, this case involves affirmative action through petitioner's demand for speedy trial. Both the state and court were on notice.
Clearly, our speedy trial rule is the implementation of an accused's constitutional right which once asserted should not be deemed waived by such action as here under review. To the contrary, affirmative action by an accused, such as express consent to delay or a request therefor, should be deemed a waiver of his right. In either event the issue of whether an accused's right has been waived should be one of fact depending upon the circumstances of each case, and, sub judice, the petitioner's conduct passes review. Apparently (and unfortunately) the majority attaches no significance to this fact, which I trust the future will reveal to be of no indomitable determination.
In this posture, diligent counsel remains in the sea of indecision and left to walk the dizzy heights over the significance of the terms "will be prepared for trial" and the extent, if any, to which any pre-trial motion (after demand for speedy trial) may be used.
For these reasons, I would grant certiorari, quash the opinion under review and remand for discharge, however, the vasectomy of the majority being complete, I can and do with inflexible faithfulness only dissent.
ERVIN, J., concurs.