276 So.2d 480 (1973)
STATE of Florida, Petitioner,
v.
Larry Paul GRAVLEE, Respondent.
No. 43427.
Supreme Court of Florida.
April 18, 1973.
Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for petitioner.
Robert P. Miller, Daytona Beach, for respondent.
PER CURIAM.
Petition for writ of certiorari was filed in this cause by the State of Florida based upon the conflict between the decision sub judice of the District Court of Appeal, First District, reported at 272 So.2d 889, and our decision in State ex rel. Hanks v. Goodman, 253 So.2d 129 (1971). Fla. Const., Art. V, Sec. 3(b)(3), F.S.A. Oral argument was dispensed with pursuant to F.A.R. 3.10(e), 32 F.S.A.
The District Court affirmed, per curiam, the order of the trial judge discharging respondent from criminal prosecution under Rule 1.191, Cr.P.R. (now 3.191), 33 F.S.A. The basis of the discharge was a demand *481 for speedy trial filed by respondent fifty-three days before any indictment, information or trial affidavit had been filed against him. Respondent was discharged only twenty-five days after an information had been filed.
In State ex rel. Hanks v. Goodman, supra, we held:
"Under the provisions of Rule 1.191, ... the 60-day period does not begin to run until a demand for trial by the defendant has been filed in accordance with the provisions of the rule after defendant has been charged with a crime by indictment, information or trial affidavit." (Emphasis added.)
We see no reason to recede from our above-quoted decision. We therefore reverse the District Court with directions to remand this cause to the trial court for further proceedings consistent with this opinion.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS and BOYD, JJ., concur.