299 So.2d 625 (1974)
STATE of Florida, Appellant,
v.
Richard Allen HILL, Appellee.
No. U-387.
District Court of Appeal of Florida, First District.
June 18, 1974.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellant.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellee.
BOYER, Judge.
We are called upon, by this appeal, to construe a provision of Rule 3.191 RCrP, 33 F.S.A. commonly known as the speedy trial rule.
The defendant (appellee here) was arrested on August 13, 1973. On August 14, 1973 he prepared, in proper person, a handwritten "Motion for Speedy Trial" alleging that he was indigent and was moving in proper person for a speedy trial "concerning all charges pending against him in this Court." On the same day a copy of the motion was served upon the state attorney and the motion was filed by the clerk on August 17, 1973. On August 22, 1973 an information was filed against the defendant. On October 17, 1973 the defendant, again in proper person, (although in the interim counsel had been appointed) prepared and served a handwritten motion for discharge, which motion was filed in the office of the Clerk of the Circuit Court on October 23, 1973. A hearing was held on October 31, 1973 at which hearing it was made to appear that the defendant had been continuously in jail from the date of his arrest and that he was "ready to go to court" during the entire period. Since he was incarcerated he was obviously continuously available for trial.
Following the hearing the trial judge announced that the defendant's motion for discharge was granted and the defendant was discharged from custody. The court's *626 order was reduced to writing on November 14, 1973. In the written order the trial judge made, inter alia, the following findings:
"During the entire period from the date of the defendant's arrest until the date of the hearing, the defendant was lodged in the Volusia County Jail, and was continuously available for trial. No event occurred during that period which would have operated to extend the sixty (60) day period.
"That from the date of the defendant's arrest until the date of this hearing, a period of eighty (80) days elapsed. From the date of the filing of the defendant's demand for speedy trial until the time of filing and service of his motion for discharge, a period of sixty-five (65) days elapsed, and an additional fourteen (14) days elapsed until the hearing was conducted. A total of seventy-one (71) days elapsed from the date of the filing of the information in this cause until the date of the hearing."
The judge thereupon ordered, inter alia, as follows:
"The defendant's pro se demand for speedy trial and motion for discharge were duly and properly filed and served pursuant to the provisions of Rule 3.191(a)(2), Cr.Pr.R., and the State of Florida has failed to bring the defendant to trial within sixty (60) days following such demand, and the motion for discharge was timely filed with this court and served upon the prosecuting attorney.
"It has been ascertained that the defendant has been continuously available for trial during the entire period of time hereinabove specified, as is required by the provisions of the said Rule 3.191(A)(2), Cr.Pr.R.
"The defendant, RICHARD ALLEN HILL, is therefore entitled to the relief prayed for in his motion. Accordingly, he is hereby forever discharged from the crime charged in the information, to-wit: Resisting arrest with violence, as the same is specified in the said information."
The State appealed assigning one error, viz:
"The State says that this Order is in error because Defendant's demand for speedy trial was filed before the Defendant was charged by a Direct Information and therefore, the demand for speedy trial was a nullity."
The exact point before us, therefore, is whether the defendant's motion for a speedy trial which was clearly served and filed prior to the date of the information by which the defendant was charged, was properly considered by the trial judge or whether it was a nullity.
Rule 3.191 RCrP, became effective February 1, 1973. All portions of that rule which are material to this cause are identical to the equivalent portions of former Rule 1.191 Florida Rules of Criminal Procedure except that the new and now existing rule omitted from subparagraph (a)(2) the words "or trial affidavit" following the words "indictment or information." That change is immaterial to the issues here involved.
The material portions of Rule 3.191 RCrP, are as follows:
"(a)(2). Speedy Trial Upon Demand. Except as otherwise provided, and subject to the limitations imposed under section (c) hereof, every person charged with a crime by indictment or information shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, unless the State is granted a continuance because of exceptional circumstances as defined in this Rule, and if not brought to trial within such period of time following such demand shall upon motion timely filed with the court and served on the prosecuting attorney *627 be forever discharged from the crime; provided, the court before granting such motion shall ascertain that such person has been continuously available for trial during said period of time. The time period established by this section shall commence when such demand has been properly filed and served. If such person is serving in Florida or elsewhere a sentence of imprisonment for an unrelated crime, the operation of this section shall not be effective until such person is no longer imprisoned and becomes available for trial, nor until such person has abandoned or waived further proceedings under § (b)(2) of this Rule if such have been initiated.
* * * * * *
"(c) Demand for Speedy Trial; Accused is Bound. A demand for speedy trial binds the accused and the State. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain trial sooner than otherwise might be provided. A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared for trial. Such demand may not thereafter be waived or withdrawn by the accused, except on order of the court, with consent of the State or on good cause shown. Good cause for continuances or delay on behalf of the accused shall not thereafter include lack of preparation, failure to obtain evidence or presence of witnesses, failure to have counsel, or other nonreadiness for trial, except as to matters which may arise after the demand for trial is filed and which could not reasonably have been anticipated by the accused or his counsel. A person who has demanded speedy trial, who thereafter is not prepared for trial, is not entitled to continuance or delay except as provided in this Rule.
"(d)(1). Motion for Discharge; Trial; When Timely. A motion for discharge shall be timely if filed and served on or after the expiration of the periods of time for trial provided for herein; however, a motion for discharge filed before expiration of the period of time for trial shall be deemed effective only as of the date of expiration of the period of time for trial."
The record clearly reveals that the defendant and the trial judge fully complied with subsection (c) of the rule in that it appears, and the trial court found, that the accused had a bona fide desire to obtain a trial sooner than otherwise might be provided and that he was at all material times available for trial and that he had done all of the investigating and preparation that he anticipated doing.
It will be noted that subsection (a)(2) provides that an accused shall "be brought to trial within 60 days * * * following such demand * * *". Subsection (d)(1) provides that if the motion for discharge is filed before expiration of the 60 day period it "shall be deemed effective only as of the date of expiration of the period of time for trial."
Construing the rules in para materia, in view of the language of the rules as last above quoted, were we making an initial interpretation we would hold that a demand for speedy trial filed prior to indictment or information would not become effective until the filing of the indictment or information and that the 60 day period would commence to run on that date; and that a motion to discharge filed before the expiration of the 60 day period would be effective on the sixty-first day. Such interpretation appears to us to be fair, reasonable, in accordance with the spirit and intent of the rules, and in accordance with the exact language used in the rules. However, alas, we are not making an initial interpretation.
In State ex rel. Hanks v. Goodman, Sup.Ct.Fla. 1971, 253 So.2d 129, the Supreme Court of Florida, construing the *628 equivalent provision of former Rule 1.191 RCrP, said:
"* * * Because of the great public interest, we have determined to answer the following question proposed:
`Does the 60-day period mentioned in Section (a)(2) of the Speedy Trial Rule (Criminal Procedure Rule 1.191) begin to run upon the filing and service of a demand for trial by the defendant before he is charged with the crime by indictment, information or trial affidavit?'
"Under the provisions of Rule 1.191, Rules of Criminal Procedure, 33 F.S.A., the 60-day period does not begin to run until a demand for trial by the defendant has been filed in accordance with the provisions of the rule after defendant has been charged with a crime by indictment, information or trial affidavit." (at pages 129 and 130)
The Court went on to say:
"After a demand for speedy trial has been filed, the court should not summarily dismiss a defendant at the expiration of the 60-day period provided in the rule. It is not only appropriate, but necessary, to ascertain whether or not the accused had a `bona fide desire' to obtain the speedy trial and to determine whether or not the accused or his attorney `has diligently investigated his case, and that he is prepared' for trial. If these prerequisites to the filing of the demand were not met, the demand for speedy trial should be stricken as being null and void." (at page 130)
Were the Goodman case the only pronouncement on the subject we would still adhere to the interpretation suggested above since the Supreme Court, in Goodman, stated that if the prerequisites required by subsection (c) of the rule "were not met, the demand for speedy trial should be stricken as being null and void." However, in State ex rel. Butler v. Cullen, Sup.Ct.Fla. 1971, 253 So.2d 861, the Supreme Court summarily extended (it appears to us) the holding in the Goodman case, by saying:
"Petitioners were taken into custody February 5, 1971, and have remained in custody charged with the crime of rape, a capital offense. A written demand for speedy trial was filed May 25, 1971, and an indictment was returned June 1, 1971. This written demand was a nullity. See State ex rel. Hanks and Seymour v. Goodman, Fla., 253 So.2d 129, opin. filed October 6, 1971." (at page 862)
Our sister court of the Third District, following State ex rel. Hanks v. Goodman, supra, said in State ex rel. Novak v. Sepe, Fla.App. (3d) 1971, 253 So.2d 454:
"Inasmuch as the demand for speedy trial was filed (after arrest) prior to the filing of the information, it is clear that the demand for speedy trial was premature and ineffective. * * *" (at page 455)
In State v. Gravlee, Sup.Ct.Fla. 1973, 276 So.2d 480, our Supreme Court held that the 60 day period provided by the rule does not begin to run until a demand for trial by the defendant has been filed in accordance with the provisions of the rule after defendant has been charged with a crime by indictment, information or trial affidavit.
In the case sub judice the motion for discharge was not filed until more than 60 days following the date of the filing of the information against the defendant. However, following State ex rel. Hanks v. Goodman, supra, as construed in State ex rel. Butler v. Cullen, supra (not as we think we should, but as the Supreme Court has), we hold that the motion for speedy trial which was filed prior to the information was a nullity and that therefore it was ineffective as a demand for speedy trial and that accordingly the trial court erred in discharging the defendant under the speedy trial rule.
However, in the case sub judice the defendant was arrested on August 13 and *629 was charged with resisting arrest with violence on August 22. In the interim, although the defendant had filed a pleading which he styled "Motion for Speedy Trial" no preliminary hearing was ever held in accordance with Rule 3.191 RCrP. It is abundantly clear from the motions filed by the defendant in proper person and from the testimony adduced at the hearing before the trial judge that the defendant was ready, willing and anxious to move the case along and to "get it over with." He was indigent, and without effective assistance of counsel he prepared as best he could handwritten motions aimed at having the charges against him resolved or being discharged.
In Anglin v. Mayo, Sup.Ct.Fla. 1956, 88 So.2d 918, it was stated:
"[H]istorically, habeas corpus is a high prerogative writ. It is as old as the common law itself and is an integral part of our own democratic process. The procedure for the granting of this particular writ is not to be circumscribed by hard and fast rules or technicalities which often accompany our consideration of other processes. If it appears to a court of competent jurisdiction that a man is being illegally restrained of his liberty, it is the responsibility of the court to brush aside formal technicalities and issue such appropriate orders as will do justice. In habeas corpus the niceties of the procedure are not anywhere near as important as the determination of the ultimate question as to the legality of the restraint. So it is in the case at bar that this court felt justified in raising on its own initiative the question of law hereafter discussed." (at pages 919 and 920)
We have, on numerous occasions, construed less artfully drawn pleadings filed by indigents in proper person as appropriate motions seeking such relief as the record might reflect the pleader to have been entitled to. Construing the motion for discharge filed by the defendant in proper person (which followed the motion for speedy trial) as a petition for writ of habeas corpus, we cannot say that the trial judge erred in ordering the release and discharge of the defendant.
Accordingly, insofar as the trial judge construed the motion for speedy trial to have been timely we hold that he erred and is reversed. However his ultimate disposition of the case discharging the defendant, is affirmed.
RAWLS, C.J., and McCORD, J., concur.