SPECTOR, Judge
(dissenting):
I respectfully dissent from the majority opinion herein.
In Turner v. State ex rel. Pellerin, 272 So.2d 129, the Supreme Court held that a motion for speedy trial must be made after an information or indictment has been filed in order to put into operation the 60-day trial requirement. As authority for that interpretation of the speedy trial rule, the Supreme Court cited its decision in Hanks v. Goodman, 253 So.2d 129. Hanks was also cited in Pellerin for the requirement that in any event a motion for speedy trial must be bona fide in that the movant must actually be ready to go to trial.
After restating its holding in Hanks, the court concluded by further holding that the filing of a discovery motion after the filing of the speedy trial constituted “the antithesis of ‘a bona fide desire to obtain trial’ . . . ” In brief, Pellerin stands for the proposition that the filing of discovery motions negates the requirement of the speedy trial rule that an accused who has filed a speedy trial motion “is available for trial, has diligently investigated his case, and that he is [or will be] prepared for trial.” Pellerin, supra, at page 130.
Applying the interpretation accorded to the speedy trial rule in the cited cases, I think we are required to hold that appel-lee’s pro se motion for speedy trial was a sham and a nullity, and the representation that appellee was ready to go to trial inherent therein was negated by the discovery motion later filed by his appointed defense attorney.
I would reverse the trial court and reinstate the charges against the appellee.