WALDEN, Judge.
This is an appeal from a conviction for possession of over five grams of marijuana. We reverse and direct the discharge of appellant.
The dispositive point concerns the trial court action in striking the defendant’s demand for a speedy trial sua sponte without hearing.
Narrowly portraying the facts from a review of the record, we find the defendant filed a proper demand for speedy trial on August 3, 1973, under Rule 3.191(a) (2), F.R.Cr.P. Eleven days later on August 14, 1973, he filed a motion to suppress certain items of evidence. On the very next day, August 15, 1973, the trial court sua sponte and without notice struck the demand for speedy trial for the single announced reason “. . . the defendant has filed a motion to suppress evidence, thereby showing that the demand for speedy trial was spurious. See Turner v. State [Fla.], 272 So.2d 129.”
To restate the problem, does the mere act of filing a motion to suppress alone render nugatory as a matter of law and without a more an earlier filed demand for a speedy trial ?
Governing is Rule 3.191(c), Rules of Criminal Procedure:
“(c) . . .A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared, for trial .” (Emphasis supplied.)
There are two cases from the Supreme Court of Florida which, comment upon the interpretation to be afforded this rule: State ex rel. Hanks v. Goodman, 253 So. 2d 129 (Fla.1971) and Turner v. State, 272 So.2d 129 (Fla.1973).
In Hanks it was commented:
“It is not only appropriate, but necessary, to ascertain whether or not the *25 accused had a ‘bona fide desire’ to obtain the speedy trial and to determine whether or not the accused or his attorney ‘has diligently investigated his case, and that he is prepared’ for trial. If these prerequisites to the filing of the demand were not met, the demand for speedy trial should be stricken as being null and void.”
In Turner, it was determined that the demand was spurious because the defendant did not meet the test that “. . . the defendant must be or will be prepared for trial at the time he makes his motion for speedy trial.” This apparently was decided as a matter of law because following the demand the defendant moved to compel disclosure of all evidence favorable to him and also moved to compel certain witnesses to give depositions. It was said by the Court that these particular motions constitute the antithesis of a bona fide desire to obtain trial.[1]
And so now back to the instant case, there is not the slightest indication that this defendant did not have a bona fide desire to obtain trial. Further, we are reminded under the Rule that the defendant must be or will be prepared for trial at the time of the demand. This is stated in the disjunctive and wc do not think a trial court under the very language of the Rule and the principles announced in the two cases could select only the statement that the accused is prepared for trial to the exclusion of the “will be prepared” and apply same literally. If every single little pretrial preparatory act operates by itself to render spurious an earlier speedy trial demand, we will indeed have reached a ludicrous result and one not, as we see it, contemplated by the Rule.
We are further reminded that under Rule 3.191(c), F.R.Cr.P. a demander for speedy trial can not thereafter obtain a continuance because of a lack of preparation. The meaning of this is clear and it should stand as an effective bar to an accused’s trifling or playing games with the Court by filing an unworthy speedy trial demand.
We notice that the time for filing motions to suppress under Rule 3.190(h) (4), F. R.Cr.P., is as follows:
“(4) Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.”
In the manner of common sense and trial experience, it will be rare indeed for an accused in the normal sequence of things to file a motion to suppress more than sixty days prior to trial. And yet under the trial court decision this would be required of those who seek to obtain a speedy trial. Repeating, we are convinced that the mere filing of a motion to suppress is not tantamount to a finding of law that the speedy trial demander does not have a bona fide desire to obtain trial, that he is not prepared and will not be prepared for trial.
Thus, we hold that the trial court erred in striking the appellant’s demand for speedy trial and erred thereafter in failing to accord the appellant a speedy trial as required by law. He is entitled to discharge.
Reversed and remanded for proceedings consistent herewith.
Reversed and remanded.
OWEN, C. J., and CROSS, J., concur.

. We think the Turner ease inapplicable because, different from here, the quality and quantity of pre-trial maneuvers entitled the court to summarily determine the issue as a matter of law.