322 So.2d 515 (1975)
STATE of Florida, Petitioner,
v.
John Joseph EMBRY, Respondent.
No. 46218.
Supreme Court of Florida.
September 3, 1975.
*516 Robert L. Shevin, Atty. Gen. and Frank B. Kessler, Asst. Atty. Gen., for petitioner.
Donald J. Beuttenmuller, Jr., of Walton, Lantaff, Schroeder, Carson & Wahl, West Palm Beach, for respondent.
ROBERTS, Justice.
This cause is before us on petition for writ of certiorari granted to review the decision of the District Court of Appeal, Fourth District, in Embry v. State, 300 So.2d 24 (Fla.App. 4, 1974), which purportedly conflicts with Turner v. State, 272 So.2d 129 (Fla. 1973), and State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla. 1971).
Respondent was charged by information filed August 3, 1973, with possession of marijuana in excess of five grams. On this same date he filed a demand for speedy trial pursuant to Rule 3.191(a)(2), F.R.Cr.P. On August 10, 1973, respondent deposed one of the State's witnesses which deposition was not filed for record with the trial court until October 2, 1973. Respondent, on August 14, 1973, filed a motion to suppress evidence in the trial court. On August 15, 1973, the trial judge entered an order striking respondent's demand for speedy trial as spurious, re-setting the cause for trial by jury to the week of October 9, 1973, and setting the motion to suppress evidence for hearing on September 13, 1973. In said order, the trial court stated:
"This cause came on ex parte upon the filing of a motion to suppress evidence in this cause. It appears to the Court that on August 3, 1973 the defendant filed a demand for speedy trial and that subsequent thereto on August 14, 1973, the defendant has filed a Motion to Suppress Evidence, thereby showing that the Demand for Speedy Trial was spurious. See Turner v. State, 272 So.2d 129."
On October 4, 1973, respondent filed a motion to discharge alleging that he did not receive a trial within sixty days after having made demand for the same which motion was denied by the trial court on October 9, 1973. Respondent, on October 9, 1973, withdrew his previous plea of not guilty and entered a plea of no contest to possession of marijuana of less than 5 grams, a lesser included offense as contained in the information.
*517 Upon appeal, the District Court of Appeal, Fourth District, held that the trial court erred in striking the defendant's demand for speedy trial and erred thereafter in failing to accord defendant a speedy trial. Accordingly, the District Court reversed the trial court and determined that defendant was entitled to be discharged.
The State urges that the District Court erred in holding that respondent was entitled to have his judgment and sentence reversed based upon denial of respondent's right to a speedy trial. Petitioner argues that respondent's actions in taking a deposition of a State witness seven days after the filing of the speedy trial demand which was not filed with the trial court until two months after filing demand for speedy trial and the filing of a motion to suppress evidence seven days after filing demand for speedy trial demonstrate that respondent had not met the prerequisite for filing a speedy trial demand as set forth in State ex rel. Hanks v. Goodman, supra, and Turner v. State, supra.
In Turner v. State, supra, defendant, two days after filing his motion for speedy trial, moved to compel disclosure of all evidence favorable to him and several days later he moved to compel certain witnesses to give depositions. Reversing the District Court's decision to discharge the defendant, this Court explained:

"Hanks, supra, [253 So.2d 129] enunciates two basic requirements which must be met by one seeking to perfect his rights under Rule 3.191, Cr.P.R., 33 F.S.A. First, the motion for speedy trial must be made subsequent to the date of the filing of an indictment, information or trial affidavit against the defendant. Second, the defendant must be or will be prepared for trial at the time he makes his motion for speedy trial. Otherwise, the motion will be considered spurious and may be striken.
* * * * * *
"Notwithstanding the state's conduct surrounding pre-trial discovery, respondent's energetic interventions through motions constitute the antithesis of `a bona fide desire to obtain trial'. They certainly are not suggestive of the wondrous thought that respondent `is available for trial, has diligently investigated his case, and that he is prepared', or even that he `will be prepared for trial.'"
This Court in State ex rel. Hanks v. Goodman, supra, opined:
"After a demand for speedy trial has been filed, the court should not summarily dismiss a defendant at the expiration of the 60-day period provided in the rule. It is not only appropriate, but necessary, to ascertain whether or not the accused had a `bona fide desire' to obtain the speedy trial and to determine whether or not the accused or his attorney `has diligently investigated his case, and that he is prepared' for trial. If these prerequisites to the filing of the demand were not met, the demand for speedy trial should be stricken as being null and void."
We agree with the District Court that there is no indication that the defendant at the time of his demand did not have a bona fide desire to obtain trial and agree with the following excerpt from its decision:
"We notice that the time for filing motions to suppress under Rule 3.190(h)(4), F.R.Cr.P., is as follows:
"`(4) Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.'
"In the manner of common sense and trial experience, it will be rare indeed for an accused in the normal sequence of things to file a motion to suppress more than sixty days prior to trial. And yet under the trial court decision this would *518 be required of those who seek to obtain a speedy trial. Repeating, we are convinced that the mere filing of a motion to suppress is not tantamount to a finding of law that the speedy trial demander does not have a bona fide desire to obtain trial, that he is not prepared and will not be prepared for trial."
However, we must point out that Rule 3.191(a)(2), F.R.Cr.P., provides in part:

"Except as otherwise provided, and subject to the limitations imposed under section (c) hereof, every person charged with a crime by indictment or information shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, ... ." (emphasis supplied),
and Rule 3.191(d)(2), F.R.Cr.P., provides in pertinent part:
"When Time May Be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of the court ... (iv) a period of reasonable and necessary delay resulting from proceedings ... for hearings on pre-trial motions, ... ."
After filing a demand for speedy trial on April 1, 1971, defendant, in State ex rel. Ranalli v. Johnson, 277 So.2d 24 (Fla. 1973), filed a motion to dismiss alleging that the information under which he was charged was so vague that he could not prepare an adequate defense. Trial was set for July 6, 1971, beyond the 60-day period. On June 9, 1971, he moved for discharge which motion was denied by the trial court. The District Court denied his request for prohibition and upon petition for writ of certiorari, this Court found that by filing the motion to dismiss alleging insufficient information for preparation of a defense, defendant admitted that his demand for speedy trial was spurious because the demand indicated he would be prepared for trial. Therein, this Court noted that the time for speedy trial may be extended for hearings on pretrial motions.
Although we find that the trial court erred in striking the demand as spurious, we find that this order striking the demand and setting a hearing date for the motion to suppress, wherein the trial court re-set the trial by jury to the week of October 9, 1973, had the practical effect of extending the time for speedy trial as permitted by Rule 3.191(d)(2), F.R.Cr.P.
Accordingly, we find that the trial court did not err in denying the respondent's motion to discharge. The decision of the District Court is quashed and the cause is remanded for further proceedings consistent herewith and for disposition of any other questions which were brought to that court for review.
It is so ordered.
ADKINS, C.J., BOYD, J., and WELLS, Circuit Judge, concur.
OVERTON, J., concurs in part and dissents in part with an opinion.
ENGLAND, J., dissents with an opinion.
OVERTON, Justice (concurring in part, dissenting in part).
I do not agree that we have conflict jurisdiction of this cause. If this case were properly before this Court, I would agree with the opinion of the majority on the merits.
ENGLAND, Justice (dissenting).
Certiorari in this case was tentatively granted to consider whether the district court's decision below is in "direct *519 conflict"[1] with our decisions in State ex rel. Hanks v. Goodman[2] and Turner v. State ex rel. Pellerin.[3] After hearing oral argument and reviewing the record and briefs, I have concluded that there is no conflict and the writ of certiorari should be discharged.
In Hanks the Court said that the expiration of 60 days from the filing of a motion for speedy trial[4] does not entitle the defendant to an automatic dismissal of the charge against him. It was there indicated that before dismissal the trial court must be satisfied that, at the time of filing the motion, the defendant had a bona fide desire to obtain a speedy trial, that he had investigated his case, and that he was prepared for trial. These elements were characterized as "prerequisites to the filing of the demand."[5]
In Turner, the Court applied Hanks and found that the defendant could not have had a bona fide desire to obtain a speedy trial in light of the extensive discovery efforts he made subsequent to the filing of his motion.
In this case the district court held that the trial judge erred in striking a demand for speedy trial twelve days after the motion was filed, where the only basis for the action of the judge was defendant's post-filing request that certain evidence be suppressed. By holding that the mere filing of a subsequent motion to suppress is not, as a matter of law, inconsistent with a prior, bona fide desire to obtain a speedy trial, the district court correctly applied the law which this Court had announced in Hanks.[6]
Without constitutional jurisdiction to consider the merits, we should deny the writ of certiorari. A responsible exercise of our limited constitutional role requires that we refrain from a review of district court decisions which, on their face, either harmonize with or apply existing precedent. The district court's opinion in this case does precisely that.
It is ironic that, in glossing over the jurisdictional issue to reach the merits, the majority here supports its result on the merits with State ex rel. Ranalli v. Johnson, 277 So.2d 24 (Fla. 1973). Nothing could more dramatically show the mischief that can be created by a judicial expansion of rather narrow constitutional limitations. The Ranalli opinion opens and closes with a declaration that there is no jurisdiction to consider the merits of the case. Between these declarations, however, are sandwiched the Court's declaration that "statements of the trial judge cannot be a basis for conflict jurisdiction", and the Court's observation that the trial judge made reference to the Rule exception on which the majority now relies.[7] Obviously the meat of the Ranalli sandwich is pure dicta ("Statements or comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand are obiter dicta, and lack the force of an adjudication.").[8] The majority has now, seemingly, given it precedential significance.
NOTES
[1] Art. V, Section 3(b)(3), Fla. Const. (1972).
[2] 253 So.2d 129 (Fla. 1971).
[3] 272 So.2d 129 (Fla. 1973).
[4] Fla.R.Crim.P. 3.191(c), 33 Fla. Stat. Ann. 61 (Supp. 1974).
[5] 253 So.2d at 130. This case did not discuss or consider the "will be prepared for trial" portion of the speedy trial rule.
[6] The decision below is completely consistent with Hanks, by requiring a factual determination of intent and the extent of preparation at the time of filing. It is factually distinguishable from Turner, however, where there were requests to develop evidence in preparation for trial in contrast to the suppression of evidence already evaluated.
[7] 277 So.2d at 25.
[8] Black's Law Dictionary 541 (4th Ed. 1968).