SCHEB, Judge.
The state appeals from an order granting defendant Wilson’s motion for discharge under Fla.R.Crim.P. 3.191, the Speedy Trial Rule. We agree with the state’s position and reverse.
On October 17, 1977, the state filed an information charging defendant Wilson and another man with robbery. On November 22 the public defender, who was representing both Wilson and his co-defendant, filed a demand for speedy trial on behalf of Wilson under Rule 3.191(a)(2). This subsection of the Rule requires the state to bring a defendant to trial within 60 days after demand.
Four days before the scheduled trial date of December 19, the trial court granted the state’s motion to sever Wilson’s case from that of his codefendant. The following day, December 16, the public defender was allowed to withdraw as Wilson’s counsel, and private counsel was appointed in his stead.
On the day of trial the new defense counsel represented to the court that he had been unable to adequately prepare for trial on such short notice. Defense counsel then requested, in open court, that the state should move for a continuance, or alternatively the trial court should grant a continuance on its own motion. The state declined to so move, so the court agreed to grant the continuance on its own motion. The court then asked defense counsel on what date he would like to have the trial reset. Counsel replied “[W]hatever date the Court would deem reasonable would be agreeable to us.” The court then reset trial for January 23, 1978, to the apparent satisfaction of defense counsel.
On January 19, four days before the rescheduled trial date, defense counsel and the state attorney entered into a written stipulation continuing the trial until February 6. However, defense counsel penciled in the following notation at the end of the stipulation: “Defendant does not waive his right to speedy trial.”
On January 24 defense counsel filed a motion for discharge alleging the state had failed to try Wilson within 60 days of his demand, i. e., by January 23,1978.[1] After a hearing the trial court granted the motion and discharged Wilson. This appeal by the state ensued.
Once an accused demands to be tried within 60 days, the state bears the responsibility of scheduling his trial within that period. Fla.R.Crim.P. 3.191(a)(2). Likewise, when an accused makes such a demand he incurs the responsibility of going to trial on the date set by the state. An accused can be relieved of this responsibility only in the manner prescribed in Rule 3.191(c), which states:
Demand for Speedy Trial; Accused is Bound. A demand for speedy trial binds the accused and the State. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain trial sooner than otherwise might be provided. A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has *142 diligently investigated his case, and that he is prepared or will be prepared for trial. Such demand may not thereafter be waived or withdrawn by the accused, except on order of the court, with consent of the State or on good cause shown. Good cause for continuances or delay on behalf of the accused shall not thereafter include lack of preparation, failure to obtain evidence or presence of witnesses, failure to have counsel, or other nonreadiness for trial, except as to matters which may arise after the demand for trial is filed and which could not reasonably have been anticipated by the accused or his counsel. A person who has demanded speedy trial, who thereafter is not prepared for trial, is not entitled to continuance or delay except as provided in this Rule. (Emphasis added.)
The final sentence of subsection (c) makes subsection (d)(2) of the Rule, entitled “When Time May be Extended,” applicable to continuances or extensions of the 60-day period. See generally State v. Embry, 322 So.2d 515, 518 (Fla.1975).
Subsection (d)(2) provides for extensions of time periods under the Rule “ . (ii) on the court’s own motion or motion by either party in exceptional circumstances as hereafter defined . . . .” These “exceptional circumstances” are defined in subsection (f).
So our odyssey through the Speedy Trial Rule next takes us to subsection (f), where it is said that exceptional circumstances include “ . . . (iv) a showing by the accused or the State of necessity for delay grounded on developments which could not have been anticipated and which will materially affect the trial . . . .”
We think the trial court properly found that defense counsel’s request for additional time to prepare was an “exceptional circumstance” as mentioned in (d)(2) and defined in (f). Therefore, the trial court properly relieved defendant Wilson of the obligation imposed upon him by subsection (c) of going to trial on the date set by the state, i. e., December 19.
Once an extension has been granted under (d)(2) the speedy trial period is tolled during the extension. Swanson v. Love, 290 So.2d 112 (Fla.2d DCA 1974). When the court on December 19 reset the trial date it implicitly extended the speedy trial period under (d)(2) until the new trial date, January 23. Therefore, the 35 days which elapsed between these two dates should not have been counted in the 60 days allowed the state to try defendant. See State v. Embry, supra. This being so, the rescheduled trial date of January 23 did not violate defendant’s right to be tried within 60 days under subsection (a)(2).
In view of our decision we do not reach the further question of whether the written stipulation continuing Wilson’s trial from January 23 to February 6 was intended to preserve Wilson’s right to a trial within 60 days after his demand under Rule 3.191(a)(2). Irrespective of the construction placed on the language added to the stipulation, the trial date of February 6 was well within the 60-day period as tolled by the 35-day extension.
Accordingly, we vacate the order of discharge and remand this cause for further proceedings.
GRIMES, C. J., and RYDER, J., concur.

. The 60th day was actually January 21, a Saturday. Therefore, the state had until the following Monday, January 23, to try the defendant. Fla.R.Crim.P. 3.040.