389 So.2d 289 (1980)
The STATE of Florida, Appellant,
v.
Arthur Nathaniel WRIGHT, Appellee.
No. 79-1923.
District Court of Appeal of Florida, Third District.
October 14, 1980.
Janet Reno, State's Atty. and Ira N. Loewy, Asst. State's Atty., for appellant.
Bennett H. Brummer, Public Defender and Joseph C. Segor, Asst. Public Defender, for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
HENDRY, Judge.
This is an appeal of an order of the Circuit Court for Dade County, discharging defendant, Arthur Nathaniel Wright, pursuant to Florida Rule of Criminal Procedure 3.191(a)(2).
The defendant was charged with armed robbery on March 29, 1979. He was arrested on the armed robbery charge, and other outstanding charges on April 27, 1979.
The public defender, who represented the defendant, requested discovery pursuant to Florida Rule of Criminal Procedure 3.220. The State filed its discovery response on May 3, in which it listed three witnesses; the victim Rick Doane, and officers P. Richardson and M. Files of the Public Safety Department.
*290 On June 6, 1979 defense counsel took the deposition of the victim, Doane. The State made no appearance. In the course of taking the deposition, Doane informed defense counsel that on the night of the robbery he was visited by a friend named Steve Churchman, who was an eyewitness to the robbery; that Churchman talked to the police and filled out a report, that he had identified the defendant from a photo and that Churchman was called to the police station where he picked the defendant out of the photo line up. Doane could not recall Churchman's address, but stated it was in the telephone book.
Five days later, on June 11, 1979, defendant filed his demand for speedy trial. On the same date, he filed a motion to exclude the testimony of officer Richardson to which the State responded. The motion was denied. Defense counsel deposed officer Richardson on June 13, 1979.
Defendant filed a second demand for speedy trial on June 13, 1979, the date the case was set for trial. On the morning of that day, the court heard and denied a motion to suppress identification. The court then recessed for lunch.
Upon returning from the noon recess, the prosecutor informed the court that he had just located and talked with a "new" witness named Steve Churchman; that Churchman was on his way to the courthouse and that he would probably testify for the State. The prosecutor stated that he was unaware of the witness's name and address until that very day, and for that reason he was requesting a continuance. Defense counsel objected to a continuance on the ground that the State had prior knowledge of the witness, and that the State was negligent in its efforts to locate Steve Churchman since he himself had found Churchman's name, address and telephone number in the telephone book. The court continued the case until the next day, giving defense counsel the opportunity to depose Churchman. The next day defense counsel orally moved to exclude the testimony of Churchman on the ground that the State had failed to list him in its discovery response. In the alternative, he requested a continuance charged to the State. The court denied the motion to exclude, but continued the case until July 9, charging the continuance to the State.
On June 15, 1979 defense counsel filed a motion for production of favorable evidence, with which the State agreed to comply. On June 20, 1979, defense counsel filed a motion to compel the name and address of an unidentified witness referred to in the police reports which had been furnished to him. There was also a motion to compel production of evidence. The court granted these motions.
On June 25, 1979 the State again moved for a continuance on the ground that the lead officer was going to be on vacation from July 8, 1979 to July 31, 1979. This motion was denied and so was the State's motion to accelerate the trial date. At the same hearing, the court granted the defendant's motion to suppress the photographic identification of the defendant made by Churchman, and denied defendant's motion to exclude testimony concerning a statement allegedly made by the defendant to the victim.
The State renewed its motion for continuance on July 3 and 4. Both motions were denied. The State's motion to strike the demand for speedy trial was also denied. On July 9, the State was not ready for trial due to the non-availability of the lead officer, whereupon the case was nolle prossed.
On July 24, 1979 the State refiled an information against the defendant.
On September 19, 1979 the defendant filed a written motion for discharge to which the State filed a written response. After hearing on the motion the court granted the motion and entered an order of discharge. This appeal is from that order.
Appellant's contention on appeal is that the trial court erred in discharging the defendant pursuant to Florida Rule of Criminal Procedure 3.191(a)(2), when defense counsel had moved for a continuance subsequent to the filing of defendant's demand for speedy trial so that he could engage in *291 further discovery relating to a witness whose identity was known to defense counsel at the time his demand for speedy trial was filed.
The pertinent provision of section (a)(2) of Rule 3.191 reads as follows:
every person charged with a crime by indictment or information shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days... .
This should be read in connection with the following provisions of section (c) of the Speedy Trial Rule:
A demand for speedy trial binds the accused and the State. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain trial sooner than otherwise might be provided. A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared for trial.
After a demand for speedy trial has been filed, the court should not summarily dismiss a defendant at the expiration of the 60 day period provided in the rule. It is not only appropriate, but necessary, to ascertain whether or not the accused had a "bona fide desire" to obtain the speedy trial, and to determine whether or not the accused or his attorney "has diligently investigated his case and that he is prepared ... for trial". If these prerequisites to the filing of the demand were not met, the demand for speedy trial should be stricken as being null and void.
It is apparent from the record that defense counsel sought a continuance on June 14, 1979, so as to engage in further discovery relating to Steve Churchman, a witness whose identity defense counsel was aware of five days before he filed his demand for speedy trial.
It is the State's contention that defense counsel had not "diligently investigated his case", therefore his demand for speedy trial was a spurious pleading. The State further contends that the matter of Steve Churchman's testimony could reasonably have been anticipated by the accused or his counsel, therefore defense counsel's action in seeking and obtaining a continuance vitiated his earlier demand for speedy trial.
The defendant argues that the facts surrounding defendant's discharge support the trial court's conclusion that the delay in trying this case was not occasioned by any failure on the part of the defendant to be prepared for trial but was as a result of the State's failure to comply with the rules of discovery and that the continuance was in no way an indication that the defendant lacked a bona fide desire to obtain a speedy trial. We cannot agree with the defendant's contentions, therefore we must reverse. State ex rel. Ranalli v. Johnson, 277 So.2d 24 (Fla. 1973); Turner v. State ex rel. Pellerin, 272 So.2d 129 (Fla. 1973); State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla. 1971); Savinon v. State, 277 So.2d 58 (Fla.3d DCA 1973).
In Turner, supra, wherein defense counsel moved to compel disclosure of favorable evidence and to compel certain witnesses to give depositions after he had filed his demand for speedy trial, the Supreme Court held:
Notwithstanding the state's conduct surrounding pre-trial discovery, respondent's energetic interventions through motions constitute the antithesis of "a bona fide desire to obtain trial". They certainly are not suggestive of the wondrous thought that respondent "is available for trial, has diligently investigated his case, and that he is prepared ..."
For the reasons stated and upon the authorities cited, the order granting the motion to discharge the defendant is reversed and the cause remanded for trial.
Reversed and remanded.