SCHWARTZ, Judge.
Hopkins, who is the defendant below in a criminal proceeding, has filed a petition for habeas corpus, claiming the right to a discharge under the speedy trial rule. Treating the petition as one seeking a writ of prohibition, we have issued a rule nisi. Upon consideration of the return and response, and after oral argument, we conclude that the petition must be denied.
After being arrested in Pens.acola, Hopkins was informed against in Dade County, on April 26, 1979, on robbery and kidnapping charges. On June 19, 1979, while confined in the Escambia County jail, he filed a pro se demand for a speedy trial pursuant to Fla.R.Crim.P. 3.191(a)(2). Although the court immediately entered an order to return the defendant for trial, he was not in fact brought to Dade County until August 25, 1979 and was not arraigned until September 11. Shortly thereafter, he moved for discharge on the ground that the 60 day speedy trial period had already run. This proceeding results from the denial of that motion below.
Under the provisions of Fla.R.Crim.P. 3.191(c), which controls the issue involved in this case:
A demand for speedy trial binds the accused and the State. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain trial sooner than otherwise might be provided. A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared for trial. . [emphasis supplied]
Based on the acknowledged fact that Hopkins, who was in jail in Pensacola at the time, had done nothing at all to prepare his case, the trial court held that although he had a “bona fide desire” for a speedy trial, he had not “diligently investigated his case” when the demand was made and therefore could not actually have been prepared to go to trial.
We concur with the trial judge that these unchallenged findings preclude Hopkins from successfully relying upon the speedy trial rule. This result is required by the provisions of Rule 3.191(c) itself and by State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla.1971), where, in interpreting the rule, the supreme court said at 130:
After a demand for speedy trial has been filed, the court should not summarily dismiss a defendant at the expiration of the 60-day period provided in the rule. It is not only appropriate, but necessary, to ascertain whether or not the accused had a ‘bona fide desire’ to obtain the speedy trial and to determine whether or not the accused or his attorney ‘has dili *1168 gently investigated his case, and that he is prepared’ for trial. If these prerequisites to the filing of the demand were not met, the demand for speedy trial should be stricken as being null and void, [emphasis supplied]
See also, Turner v. State ex rel. Pellerin, 272 So.2d 129 (Fla.1973); State v. Acurse, 347 So.2d 828 (Fla. 3d DCA 1977) (dictum); compare State v. Embry, 322 So.2d 515 (Fla.1975). Hopkins cogently argues that the application of this principle has the effect of denying the benefit of the speedy trial rule to one who may sincerely desire, for his own reasons, to go immediately to trial even without the investigation or preparation which a court might deem reasonably necessary for a proper defense. See the considerations expressed in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). While we recognize the force of this contention, we are unable to accept it. Probably as a means of ferreting out “spurious” speedy trial demands, see State ex rel. Hanks v. Goodman, supra; State ex rel. Ranalli v. Johnson, 277 So.2d 24 (Fla.1973), the supreme court has explicitly conditioned the right to require a speedy trial on demand upon an objective showing that the defendant is “really” ready for trial.[1] Unless and until the rule is changed, the courts are bound by its clear terms. State v. Lott, 286 So.2d 565 (Fla.1973); State v. Battle, 302 So.2d 782 (Fla. 3d DCA 1974).
Petition denied; rule nisi discharged.

. Hopkins relies only on the rules of criminal procedure and presents no claim either that they are invalid as applied to his situation or that he is entitled to discharge because of a violation of his constitutional right to a speedy trial. Compare Suggs v. State, 358 So.2d 55 (Fla. 2d DCA 1978).