405 So.2d 773 (1981)
STATE of Florida ex rel. Michael T. Furland, Petitioner,
v.
The Honorable Virgil B. CONKLING, Circuit Judge for the Eighteenth Judicial Circuit, Respondent.
No. 81-1021.
District Court of Appeal of Florida, Fifth District.
November 11, 1981.
*774 James Russo, Public Defender and Gary F. Large, Asst. Public Defender, Titusville, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Barbara Ann Butler, Asst. Atty. Gen., Daytona Beach, for respondent.
FRANK D. UPCHURCH, Jr., Judge.
Petitioner, Michael T. Furland, seeks a writ of prohibition to prevent the Circuit Court for Brevard County from proceeding with his trial on the ground that the speedy trial period has run. We deny the writ.
On April 10, 1980, petitioner was charged with two counts of sexual battery and one count of aggravated battery. Petitioner failed to appear for trial but was subsequently arrested and jailed during April, 1981.
On May 6, 1981, petitioner filed a demand for speedy trial. Under Florida Rule of Criminal Procedure 3.191(a)(2), the state had sixty days within which to bring him to trial. On July 10, 1981, the sixty-day period having passed, petitioner moved for discharge.
The state moved to strike petitioner's demand for speedy trial pursuant to Florida Rule of Criminal Procedure 3.191(c) which provides in part:
A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case and that he is prepared or will be prepared within 5 days. A demand filed by an accused who has not diligently investigated his case or who is not timely prepared for trial shall be stricken as invalid upon motion of the prosecuting attorney.
The state contends that on May 4, 1981, petitioner filed a notice of deposition for witness Elana Donophan and scheduled the deposition for May 15, 1981. The witness could not be served and was not deposed. No other witnesses were deposed although counsel for defendant did have statements from all the other witnesses. Petitioner claimed that he was prepared at the time his demand was filed but the court concluded otherwise and struck the demand.
In State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla. 1971), the supreme court, in interpreting the rule, declared:
After a demand for speedy trial has been filed, the court should not summarily dismiss a defendant at the expiration of the 60-day period provided in the rule. It is not only appropriate, but necessary, to ascertain whether or not the accused had a "bona fide desire" to obtain the speedy trial and to determine whether or not the accused or his attorney `has diligently investigated his case, and that he is prepared' for trial. If these prerequisites to the filing of the demand were not met, the demand for speedy trial should be stricken as being null and void. (Emphasis added.)
253 So.2d at 130.
In Hopkins v. Barad, 380 So.2d 1166 (Fla.3d DCA 1980), the Third District explained that in order to ferret out spurious speedy trial demands, the supreme court has explicitly conditioned the right to require a speedy trial on demand upon an objective showing that the defendant is really ready for trial.[1]
In the instant case, while petitioner conceivably had a bona fide desire for an immediate trial, the trial court concluded that he had not "diligently investigated his case nor was he prepared for trial when the demand was made." Petitioner filed a notice *775 of deposition for a crucial witness[2] on the same day his demand for speedy trial was served on the prosecution[3] and scheduled the deposition for eleven days later. While petitioner contended at the hearing for discharge that he had no intention of deposing Ms. Donophan and merely wished to determine whether she was still within the court's jurisdiction, his actions could reasonably be viewed as indicating that he had not completed a diligent investigation of his case and was not prepared for trial at the time the demand was filed. The trial court therefore was correct in denying his motion for discharge.
WRIT DENIED.
COBB and COWART, JJ., concur.
NOTES
[1] In Hopkins, defendant filed pro se a demand for speedy trial as to a Dade County charge while he was in jail in Escambia County. He was subsequently transferred to Dade County but apparently never obtained counsel. He took no steps to investigate or prepare his case but claimed he had a sincere desire to go to trial immediately. The appellate court held that even though the defendant had a bona fide desire for a speedy trial, his complete failure to prepare his case for trial established that he had not "diligently investigated his case" when the demand was made.
[2] Petitioner's counsel admitted that Ms. Donophan's testimony would be very damaging to the petitioner.
[3] The demand for speedy trial was served upon the prosecution on May 4, 1981.