421 So.2d 776 (1982)
STATE of Florida, Appellant,
v.
Robert KAUFMAN, Appellee.
No. 81-1408.
District Court of Appeal of Florida, Fifth District.
November 10, 1982.
*777 Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellant.
Richard S. Rhodes, Orlando, for appellee.
ORFINGER, Chief Judge.
Because appellee was not brought to trial within sixty (60) days of his filing a demand for speedy trial, his motion for discharge was granted. The State appeals, and we reverse.
Appellee was arrested on May 7, 1981, and on May 22, 1981, an information was filed charging him with the knowing sale, delivery or possession of five kilograms or more of methaqualone. On June 2, 1981, appellee filed his demand for speedy trial. On the same day, he filed a demand for discovery, requesting seventeen separate items of information, and on July 7, 1981, he served notice that he would take the deposition of Ishmus L. Hill, the arresting officer. On October 26, 1981, no trial having been had, the trial court granted appellee's motion for discharge.
Florida Rule of Criminal Procedure 3.191(a)(2) provides that a defendant who files a demand for speedy trial must be brought to trial within sixty days or be discharged from the crime. Before granting discharge, however, the trial court must determine that no time extension was ordered, the delay was not attributable to defendant, and the demand was valid. Fla. R.Cr.P. 3.191(d)(3). No demand for speedy trial may be filed unless the defendant has a bona fide desire to obtain a speedy trial and the defendant must be available for trial, have diligently investigated his case, and be prepared to go to trial within five days. Fla.R.Cr.P. 3.191(c).
At the hearing on the motion for discharge, the State and the defense agreed that the only issue was whether the demand for speedy trial was bona fide when filed, i.e., had appellee diligently investigated his case and was he prepared or would he be prepared to go to trial within five days of the filing of the demand. Rule 3.191(c). After hearing testimony from appellee that he and his attorney considered the motion for speedy trial their best defense, and hearing from appellee's counsel that there was no real defense to the charge and that the demand for discovery was filed and the deposition[1] of the arresting officer was taken only to avoid a later claim of ineffective representation, the trial court discharged appellee.
The purpose of Rule 3.191 is to give the court control of its docket, permit proper investigation and preparation of the case and guarantee a defendant his right to a speedy trial. State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla. 1971). A defendant cannot control the criminal docket by filing a spurious demand for speedy trial for which he is not, in fact, prepared. If he has not diligently investigated his case and if he is not prepared for trial, the demand should be stricken as null and void. Id. at 130. Neither should a motion for speedy trial be used as a "defense" to a criminal prosecution.
We hold that the test to determine preparedness for trial must be primarily objective. The old adage that actions speak louder than words is quite appropriately applied here. When the record shows continuing investigation and ongoing preparation, *778 it speaks more eloquently than any subjective opinion testimony to the contrary. The filing of a demand for discovery (to which a prosecutor has fifteen days to respond) and the scheduling of discovery depositions is the antithesis of current preparedness for trial. Such actions certainly are not suggestive of the conclusion that a defendant has diligently investigated his case and that he is prepared or will be prepared for trial [within five days]. 253 So.2d at 130. See also Turner v. Pellerin, 272 So.2d 129 (Fla. 1973); Furland v. Conkling, 405 So.2d 773 (Fla. 5th DCA 1981). Thus, State v. Embry, 322 So.2d 515 (Fla. 1975), is not in point. There, the court held that the filing of a motion to suppress was not indicative of the lack of a bona fide desire for trial.
The order discharging appellee is reversed and the case is remanded for further proceedings.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.
NOTES
[1] Testimony at the discharge hearing revealed that the deposition of the arresting officer was far from perfunctory. It lasted approximately five hours and it revealed the possible existence of a tape recording that appellee's counsel was not aware of.