445 So.2d 692 (1984)
Winford DICKEY, Petitioner,
v.
Honorable Raymond T. McNEAL, Circuit Judge, Fifth Judicial Circuit, Respondent.
No. 83-1787.
District Court of Appeal of Florida, Fifth District.
February 23, 1984.
*693 Howard H. Babb, Jr., Public Defender, Fifth Judicial Circuit, and Alan R. Fanter, Asst. Public Defender, Ocala, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for respondent.
COBB, Judge.
Petitioner, Winford Dickey, seeks a Writ of Prohibition to prohibit any further proceedings against him and a discharge based on an alleged violation of Florida Rule of Criminal Procedure 3.191. Dickey was charged with grand theft by information filed in Marion County on March 2, 1983. On September 12, 1983, Dickey was arrested in Clay County on a charge of grand theft and held there pending trial. Dickey stood trial on the Clay County charges on November 9, 1983, and after being found guilty was sentenced on November 29, 1983. Marion County placed a hold on Dickey, but it was not executed until October 22, 1983, when Dickey was brought to Marion County and arrested on their charges.
On September 28, 1983, Dickey executed a pro se motion for speedy trial for the cause in Marion County. This notice was acknowledged by the Clerk of the Court and sent to the state attorney's office on September 30, 1983. On October 24, 1983, Dickey was arraigned in Marion County and a public defender was appointed to defend him. At the same time, an order setting the case for trial the week of December 12, 1983 was entered. The state did not make a motion to strike the demand for speedy trial nor did it request an extension of the speedy trial period.
On December 5, 1983, Dickey filed a motion for discharge, claiming that more than 60 days had passed since his demand for speedy trial. A hearing on the motion for discharge was held on December 7, 1983. At the hearing, the primary argument centered around Dickey's preparedness for trial when the demand was made, particularly in light of his subsequent acquisition of a public defender. The state argued that this showed that Dickey was not prepared at the time his demand was made and that his appointed attorney could not be ready for trial without any discovery. The defense attorney, when queried by the trial judge, stated that he felt that he was precluded from proceeding with any discovery or investigation because of the pending pro se demand preceding his appointment. He said, "... [W]hen he [Dickey] files his demand and the first words out of his mouth is `I've demanded a speedy trial' and he tells me he's ready, I couldn't in good faith say, well, I'm going to have to do discovery and ruin your speedy trial demand."
The court found that the 60-day period ran from September 30, and that the state *694 made no attempt to strike the demand or to get Dickey to Marion County for trial. The court also found that there had been no showing that Dickey was not continuously available for trial. The issue, as seen by the court, was whether the demand was a valid one under the circumstances. The court stated:
What bothers me about this case and a lot of these other cases where defendants file demands for speedy trial on their own behalf, it seems to me like in those cases the defendant ought to have to go ahead and represent themselves and if he's going to have an attorney, then the attorney ought to file a demand or at least reaffirm the fact that he was ready for trial because we know one thing. Mr. Dickey obviously wasn't ready for trial because he didn't have an attorney and he requested an attorney after he got here, and I don't know whether Mr. Fanter was ready for trial or not but I  I don't think  absent the agreement of his client to go to trial without taking any discovery or making any investigation he would've been ready for trial.
Following the hearing, the trial court stated:
The Court is going to find under the circumstances of this case, the totality of the circumstances, that the  although the Defendant had a bona fide desire to obtain a speedy trial he had not diligently investigated his case and was not prepared for trial, and I deny the Motion to Dismiss.
Dickey filed his Petition for Writ of Prohibition with this court on December 15, 1983, contending the trial court erred in denying his motion to discharge, since more than 60 days passed from the filing of the speedy trial demand. Dickey relies on the following pertinent portions of Rule 3.191:
(a)(2) Speedy Trial Upon Demand. Except as otherwise provided by this Rule and subject to the limitations imposed under (b)(1) and (c), every person charged with a crime by indictment or information shall upon demand filed with the court having jurisdiction and upon service of a copy of such demand upon the prosecuting attorney be brought to trial within 60 days, and if not brought to trial within such period of time following such demand shall upon motion timely filed with the court and served on the prosecuting attorney be forever discharged from the crime; provided, the court before granting such motion shall make the required inquiry under (d)(3). The time period established by this section shall commence when such demand has been properly filed and served. Trial may be scheduled at any time within the 60 day period except that trial may not be scheduled within 5 days of the filing of the demand without the consent of the defendant and the prosecuting attorney.
(c) Demand for Speedy Trial; Accused is Bound. A demand for speedy trial binds the accused and the State. No demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain a trial sooner than otherwise might be provided. A demand for speedy trial shall be deemed a pleading by the accused that he is available for trial, has diligently investigated his case, and that he is prepared or will be prepared for trial within 5 days. A demand filed by an accused who has not diligently investigated his case or who is not timely prepared for trial shall be stricken as invalid upon motion of the prosecuting attorney. A demand may not be withdrawn by the accused, except on order of the court, with consent of the State or on good cause shown. Good cause for continuances or delay on behalf of the accused shall not thereafter include nonreadiness for trial, except as to matters which may arise after the demand for trial is filed and which could not reasonably have been anticipated by the accused or his counsel. A person who has demanded speedy trial, who thereafter is not prepared for trial, is not entitled to continuance or delay except as provided in this Rule.
*695 Florida Rule of Criminal Procedure 3.191(a)(2) allows for a demand for speedy trial to be made after the information or indictment is filed. See State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla. 1971); State v. Gravlee, 276 So.2d 480 (Fla. 1973). The 60-day limit provided therein begins to run from the date of demand, without any regard to the date a person is placed in custody, as under 3.191(a)(1) (180-day limit for felony charges).[1]See also O'Bryan v. State, 326 So.2d 83 (Fla. 1st DCA), cert. denied, 336 So.2d 602 (Fla. 1976). In the instant case, the demand was made on September 30, 1983; thus, Dickey's trial would have had to commence by November 29, 1983, to be within the rule. It did not do so and, in fact, was not set for trial until the week of December 12, 1983.
If the 60-day limit of Rule 3.191(a)(2) is not met, the defendant should be discharged; but first, the trial court must determine that no time extension was entered, that the delay was not attributable to the defendant, and that the demand was valid. Fla.R.Crim.P. 3.191(d)(3). As the Florida Supreme Court stated in State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla. 1971):
After a demand for speedy trial has been filed, the court should not summarily dismiss a defendant at the expiration of the 60-day period provided in the rule. It is not only appropriate, but necessary, to ascertain whether or not the accused had a "bona fide desire" to obtain the speedy trial and to determine whether or not the accused or his attorney "has diligently investigated his case, and that he is prepared" for trial. If these prerequisites to the filing of the demand were not met, the demand for speedy trial should be stricken as being null and void.
253 So.2d at 130. See also: Hopkins v. Barad, 380 So.2d 1166 (Fla. 3d DCA 1980) (defendant seen as unprepared and demand deemed invalid where complete lack of preparation present).
In State v. Kaufman, 421 So.2d 776 (Fla. 5th DCA 1982), as in the instant case, the issue was whether the demand for speedy trial was bona fide when filed, with the prime question being whether the defendant had diligently investigated his case and was prepared for trial. The trial court in Kaufman discharged the defendant, but this court reversed. The court saw the ongoing investigation and participation in the case by the defendant, such as in the scheduling of discovery depositions and other discovery demands, as the antithesis of being prepared for trial. The court stated:
We hold that the test to determine preparedness for trial must be primarily objective. The old adage that actions speak louder than words is quite appropriately applied here. When the record shows continuing investigation and ongoing preparation, it speaks more eloquently than any subjective opinion testimony to the contrary.
421 So.2d at 777-78. See also Turner v. State ex rel. Pellerin, 272 So.2d 129 (Fla. 1973) (demand seen invalid when defendant moved to compel discovery and depositions two days after filing motion); State ex rel. Ranalli v. Johnson, 277 So.2d 24 (Fla. 1973) (demand seen invalid where motion to dismiss is filed two weeks later alleging that information was too vague to prepare adequate defense); State v. Wright, 389 So.2d 289 (Fla. 3d DCA 1980) (demand invalid where defendant sought continuance for further discovery after filing demand); State ex rel. Furland v. Conkling, 405 So.2d 773 (Fla. 5th DCA 1981) (demand *696 invalid where notice of deposition filed same day as demand, with deposition set for 11 days later). Cf. State v. Embry, 322 So.2d 515 (Fla. 1975) (the mere filing of a motion to suppress does not ipso facto negate a previously filed demand).
In the instant case, the act of the defendant giving rise to a finding of unpreparedness and lack of diligent investigation is Dickey's hiring of a public defender following his arraignment on the Marion County charges. This is the only action Dickey took in his own behalf, with no request for discovery being filed either before or after the speedy trial demand was made.
When we apply the test outlined in Hanks to the testimony of Dickey's appointed attorney in the instant case, we must come to the same conclusion as did the trial court: the attorney had not "diligently investigated his case" (because he felt constrained not to do so by the pending motion) and had not prepared for trial  hence the motion was null and void. As was pointed out in Sheppard v. State, 391 So.2d 346 (Fla. 5th DCA 1980), in reliance upon Goode v. State, 365 So.2d 381 (Fla. 1978), cert. denied, 441 U.S. 967, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979), a defendant has the right, under appropriate circumstances, to represent himself  but he has no right to partially represent himself and be partially represented by counsel. Neither Article I, Section 16 of the Florida Constitution nor the sixth amendment of the United States Constitution guarantees a defendant such a "hybrid" form of representation. State v. Tait, 387 So.2d 338 (Fla. 1980).
As pointed out by Chief Judge Orfinger in State v. Kaufman, 421 So.2d 776, 777 (Fla. 5th DCA 1982), a speedy trial demand should not be used as a "defense" to a criminal prosecution. Certainly, it should not be the sole defense. It is unreasonable and unfair to expect an attorney to be controlled by a legal determination by his client to forego trial preparation. No competent and ethical attorney, privately retained, would accept such a restriction. Neither, then, should appointed counsel. An appointed counsel must not be a captive counsel bound by the legal strategems of his client. Accordingly, the petition for writ of prohibition is
DENIED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] The state's reliance on Morris v. Nimmons, 414 So.2d 568 (Fla. 1st DCA 1982), is misplaced. In Morris, the defendant was arrested in Nassau County on charges arising in that county. The court held that since the defendant was not arrested on the capias issued by the Duval County officials, the speedy trial time would not run for the Duval charges during the time he was in Nassau County. There was no demand made in Morris. Here, while Dickey's arrest stemmed from charges in Clay County, and only a detainer was placed against him from Marion County, the speedy trial time began running when the demand was made, without any regard to the custody date as is required under 3.191(a)(1). See also State v. Dukes, 443 So.2d 471 (Fla. 5th DCA 1984).