PER CURIAM.
Petitioner seeks a writ of mandamus compelling the discharge of certain detain-ers filed against her, because more than 180 days elapsed from the date of filing her demand for speedy trial pursuant to Florida Rule of Criminal Procedure 3.191, as authorized by section 941.45(3)(a) Fla.Stat. We grant the writ.
In response to the order to show cause, the state acknowledged that petitioner would be entitled to discharge if her demand for speedy trial was valid. Because petitioner did not have counsel and had not demanded discovery, state contends that the demand was facially invalid and therefore null and void. See Dickey v. McNeal, 445 So.2d 692 (Fla. 5th DCA 1984). Dickey holds that where it can be determined that a defendant is not in fact ready and prepared for trial when a demand for speedy trial is made, the demand is null and void, and a subsequent motion for discharge is properly denied. Dickey does not hold, as the state suggests, that a demand *995 for speedy trial is per se invalid if the defendant has not engaged in discovery,
Here, the demand for speedy trial included an offer to enter a guilty plea. Thus, petitioner had no reason to engage in discovery at least until that offer was rejected. The offer was not rejected, rather, it was ignored. Under these circumstances, it appears from the face of the demand that petitioner was in fact ready for “trial”.
Because the state has conceded that petitioner would be entitled to the relief she seeks if her demand for speedy trial was valid, and because we find that under these circumstances the demand was facially valid, the petition for writ of mandamus seeking to compel the trial court to discharge the detainers referred to in the demand for speedy trial is granted. We withhold formal issuance of the writ, and remand for proceedings consistent with this opinion.
BOOTH, C.J., and MILLS and THOMPSON, JJ., concur.