509 So.2d 1126 (1987)
Peter CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1521.
District Court of Appeal of Florida, Fifth District.
May 7, 1987.
Rehearing Denied July 16, 1987.
*1127 James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Carter appeals a judgment of conviction for one count of battery upon a law enforcement officer and one count of battery, contending primarily that the trial court erred in denying his motion for discharge under the speedy trial rule, Florida Rule of Criminal Procedure, 3.191. We affirm.
On April 18, 1985, while appellant was incarcerated at Brevard Correctional Institution for an unrelated conviction, he was involved in an altercation with another inmate, and when the prison guards attempted to break up the fight, appellant allegedly struck one of them. Later, when the guards went to appellant's cell to place him in confinement, he allegedly struck another guard. As a result, appellant was charged by an information filed in Brevard County on June 6, 1985 with two counts of battery on a law enforcement officer. A capias for appellant's arrest was issued on June 7, 1985, but was not served at that time. The day after the incident, appellant was transferred to another prison.
On July 11, 1985, the appellant filed a pro se demand for a speedy trial pursuant to Rule 3.191, Florida Rules of Criminal Procedure.[1] A copy of said demand was delivered by certified mail to the Brevard County State Attorney's Office on July 12, 1985. In addition, a copy was hand delivered to the State Attorney by the Brevard County Clerk's Office on the same date. On October 21, 1985, the appellant filed a pro se motion for discharge pursuant to Rule 3.191(i), stating that, since the State had failed to timely bring him to trial, he was entitled to discharge.
No further action was taken on the case until March 21, 1986, when the appellant was formally served with the previously issued capias. The public defender was then appointed to represent him. On April 2, 1985, appellant's appointed counsel filed a demand for discovery. The State Attorney subsequently responded to the motion for discharge, and alleged that defendant was not entitled to discharge.
At the hearing on the motion for discharge, the State argued that defendant's demand for speedy trial was invalid because when it was filed he had not then been arrested for the crimes with which he was now charged, and that the 180 day limit under 3.191(a)(1) began to run when the capias was served. The trial court accepted this argument and denied the motion because less than 180 days had elapsed *1128 since service of the capias. The trial proceeded and defendant was convicted on one count as charged, and on the other count on the lesser offense of simple battery.
The trial court erred in ruling that the demand for speedy trial was invalid because it was filed prior to the time defendant was arrested for this offense. Florida Rule of Criminal Procedure 3.191(a)(1), speedy trial without demand, is triggered by custody, but under Rule 3.191(a)(2) a demand for speedy trial may be made at any time after the information is filed, and the 60 day limit provided by that subdivision of the rule begins to run from the date of demand, without regard for the time the defendant is taken into custody. Dickey v. McNeal, 445 So.2d 692 (Fla. 5th DCA 1984). Nevertheless, the trial court's ruling must be affirmed if correct for any reason. Vandergriff v. Vandergriff, 456 So.2d 464 (Fla. 1984).
The State contends that a valid basis for the denial of the appellant's motion for discharge exists because under Rule 3.191(b)(1), a person who is incarcerated in a correctional institution outside the jurisdiction of a subdivision of this state and who is charged with a crime under the laws of this state, is not entitled to the benefit of this rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this fact is filed with the court and served upon the prosecutor. The State contends that appellant's own motion for discharge reveals that at the time of the filing of the motion, he was incarcerated in Avon Park, Florida, which is outside of the territorial jurisdiction of the 18th Judicial Circuit where the information in question was filed. This argument cannot be sustained. This subsection of the rule applies to prisoners over whom neither the State nor any county or city of the state has jurisdiction. Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA), rev. denied, 419 So.2d 1200 (Fla. 1982). Defendant was a Florida prisoner at the time he made his demand.
Nevertheless, defendant was not entitled to discharge. A demand for speedy trial is a pleading by the accused that he is available for trial, has diligently investigated his case and that he is prepared or will be prepared for trial within five days. Fla.R.Crim.P. 3.191(c). A defendant cannot control the criminal docket by filing a spurious demand for speedy trial when he is not, in fact, prepared. State v. Kaufman, 421 So.2d 776 (Fla. 5th DCA 1982). The defendant here was obviously not prepared for trial when he filed his demand. As soon as he was formally arrested counsel was appointed for him, and almost immediately thereafter, his appointed counsel filed a request for discovery. These later actions clearly indicate that defendant was not prepared at the time he filed his pro se motion for speedy trial. See State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla. 1971); State v. Kaufman, supra; Dickey v. McNeal, supra. For this reason, his demand was invalid and the trial court correctly denied the motion for discharge.
We find no merit in appellant's remaining point on appeal.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.191(a)(2) provides:

Speedy Trial Upon Demand. Except as otherwise provided by this Rule and subject to the limitations imposed under (b)(1) and (c), every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court having jurisdiction and serving upon the state attorney a Demand for Speedy Trial. (1) No later than 5 days from the filing of a Demand for Speedy Trial, the court shall hold a calendar call, with notice to all parties, for the express purposes of announcing, in open court, receipt of the Demand and of setting the case for trial.
(2) At the calendar call the court shall set the case for trial to commence at a date no less than 5 days nor more than 45 days from the date of the calendar call.
(3) The failure of the court to hold such a calendar call on a Demand which has been properly filed and served shall not interrupt the running of any time periods under this section.
(4) In the event that the defendant shall not have been brought to trial within 50 days of the filing of the Demand, the defendant shall have the right to the appropriate remedy as set forth in section (i) below.