PER CURIAM.
This is a petition for writ of prohibition in which this court is asked to review the denial of Cheeks’ motion for discharge filed pursuant to Florida Rule of Criminal Procedure 3.191. We have jurisdiction. See Sherrod v. Franza, 427 So.2d 161 (Fla.1983). For the reasons stated below, we grant the petition, quash the trial court’s order and remand for further proceedings.
On January 7, 1988, while Cheeks was incarcerated in a state prison in Bradford County, Florida, an information was filed against him in the Sixth Judicial Circuit in Pasco County, Florida. On October 31, 1988, Cheeks filed a pro se demand for speedy trial with clerk of the circuit court in Pasco County and served it on the state attorney. On December 20, 1988, Cheeks, through private counsel, filed a motion for discharge alleging that more than fifty *1347 days had elapsed since his demand for speedy trial. The state filed a motion to strike Cheeks’ motion for discharge and demand for speedy trial on the basis that Cheeks was not within the jurisdiction of Pasco County when his demand for speedy trial was filed, and was, therefore, not available for trial. The trial court granted the state’s motion and denied Cheeks’ motion for discharge.
We do not conclude, as the state contended at the hearing on the motions, that rule 3.191(b)(1) renders Cheeks’ demand for speedy trial invalid. That subsection provides, in pertinent part:
Prisoners Outside Jurisdiction. A person who is in federal custody or incarcerated in a jail or correctional institution outside the jurisdiction of this State or a subdivision thereof, and who is charged with a crime by indictment or information issued or filed under the laws of this State, is not entitled to the benefit of this Rule until that person returns or is returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of this fact is filed with the court and served upon the prosecutor. For such persons, the time period under (a)(1) commences on the date the last act required under this section occurs. For such persons the time period under (a)(2) commences when the demand is filed so long as the acts required under this section occur prior to the filing of the demand. If the acts required under this section do not precede the filing of the demand, then the demand is invalid and shall be stricken upon motion of the prosecuting attorney.
It is clear from the committee note to the 1980 amendment of rule 3.191 that the requirements of subsection (b)(1) are applicable only to federal prisoners and “prisoners outside the jurisdiction of Florida.” See Fla.R.Crim.P. 3.191, Committee Note (b)(l)l, (1980 Amend.). It is also clear from the committee note that for purposes of demanding a speedy trial, “[p]risoners in Florida are now treated like any other defendant.” See id. at Committee Note (a)(2)3. Thus, the provisions of rule 3.191(a)(2), pertaining to speedy trial upon demand, are applicable to prisoners in Florida. There is no requirement in subsection (a)(2) that Cheeks be physically in custody in Pasco County in order to demand a speedy trial on the charges filed there. See Carter v. State, 509 So.2d 1126 (Fla. 5th DCA 1987). Cf. Fla.R.Crim.P. 3.191(a)(1) (time periods for speedy trial without demand commence when person charged is taken into custody, i.e., when arrested for conduct giving rise to charge or when served with notice to appear in lieu of physical custody).
We further disagree with the state that this case should be controlled by cases in which a detainer has been filed in one county on a prisoner who is imprisoned in another county. See, e.g., State v. Bassham, 352 So.2d 55 (Fla.1977) (detainer placed by one county for a prisoner held by another county is not considered custody within rule in determining when time for speedy trial begins to run). First, in this case, Pasco County had filed an information, not a detainer. Second, in Bassham, the court addressed the requirements for speedy trial without demand, not the requirements for speedy trial upon demand. As noted above, the custody requirement for a speedy trial without demand is different from the custody requirement for speedy trial upon demand.
Accordingly, we hold that the trial court erred in striking Cheeks’ demand for speedy trial and denying his motion for discharge because he was not in custody in Pasco County when his demand was filed. We quash the trial court’s order and remand for further proceedings pursuant to rule 3.191 not inconsistent with this opinion.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.