HARRIS, Judge.
Walter Cain appeals his conviction for possession of cocaine. He contends that the trial court denied him his right to counsel.[1] We affirm.
This case illustrates an interesting dilemma that sometimes confronts trial judges. After an unusual and lengthy jury selection process during which defense counsel continually asked for Cain’s input, Cain and his attorney could not agree on the final selection of jurors. Finally the court intervened:
[I]t would appear to the court that you’ve given your client your best judgment, your best advise [sic]. And I believe the client does have the final word in these matters.
[[Image here]]
[A]fter a lawyer has given his client his best advise [sic], the client will have to make the final decision.
[[Image here]]
Well, I’d ask not — ask you not to contend with him any further. Let him make the decision. And we’ll accept his decision.
Cain chose his jury and was convicted. On appeal, Cain relies on certain cases that hold that one cannot be represented by counsel and also represent himself. Dickey v. McNeal, 445 So.2d 692 (Fla. 5th DCA 1984); Sheppard v. State, 391 So.2d 346 (Fla. 5th DCA 1980); Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984).
But this is not a case of who is representing Cain — clearly the lawyer is — but who gets to make the final decision when the lawyer and the client disagree on how to conduct the trial.
The lawyer’s function is to present alternative courses of action, not make decisions in contravention to his client’s wishes. Milligan v. State, 177 So.2d 75 (Fla. 2nd DCA 1965). In cases where the attorney and the defendant disagree as to trial strategy, the defendant must make the ultimate decision. Blanco v. State, 452 So.2d 520 (Fla.1984).
Finding no error, we AFFIRM.
DAUKSCH and COWART, JJ., concur.

. We find Cain’s other issue on appeal to be without merit.