620 So.2d 152 (1993)
Mark A. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 70551.
Supreme Court of Florida.
April 8, 1993.
Rehearing Denied June 24, 1993.
Bruce G. Howie of Battablia, Ross, Hastings & Dicus, P.A., St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen. and Candance M. Sabella, Asst. Atty. Gen., Tampa, for appellee.

ON REMAND FROM THE UNITED STATES SUPREME COURT
PER CURIAM.
In Davis v. Florida, ___ U.S. ___, 112 S.Ct. 3021, 120 L.Ed.2d 893 (1992), the United States Supreme Court vacated judgment and remanded this case for our consideration in light of Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), in which the Court declared our former standard jury instruction on the "heinous, atrocious or cruel" aggravating factor constitutionally inadequate.[1] We find that the issue is barred because vagueness of the instruction was not raised before the trial judge.[2]Thompson v. State, 619 So.2d 261, (Fla. 1993); Ponticelli v. State, 618 So.2d 154 (Fla. 1993). We moreover find that, had the vagueness issue been preserved, the error would be harmless beyond a reasonable doubt.
The facts are recited in our opinion in the direct appeal.
The medical examiner testified that the victim sustained [twenty-five] stab wounds to the back, chest, and neck; multiple blows to the face; was choked or hit with sufficient force to break his hyoid bone; was intoxicated to a degree that impaired his ability to defend himself; and was alive and conscious when each injury was inflicted. The evidence showed that the slashes to the victim's throat were made with a small-bladed knife, which was broken during the attack, and the wounds to the chest and back were made with a large butcher knife, found at the crime scene.
Davis, 586 So.2d at 1040. These facts are so indicative of the aggravating factor "heinous, atrocious, or cruel" that we are *153 convinced upon review that there is no reasonable possibility that the faulty instruction contributed to the sentence. We are satisfied that under any instruction, on the instant facts the jury would have recommended and the judge would have imposed the same sentence.[3]See State v. DiGuilio, 491 So.2d 1129, 1138 (Fla. 1986); see also Slawson v. State, 619 So.2d 255, 260-261 (Fla. 1993) (inadequate instruction harmless where murder was heinous, atrocious, or cruel under any definition of those terms); Thompson v. State, 619 So.2d 261, 267 (Fla. 1993) (same).
Accordingly, we affirm the death sentence.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
HARDING, J., did not participate in this case.
NOTES
[1] Davis' jury was given the instruction found to be impermissibly vague in Espinosa v. Florida, ___ U.S. ___, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992). Davis raised the vagueness of the statute in his direct appeal. Davis v. State, 586 So.2d 1038, 1040 (Fla. 1991), vacated, ___ U.S. ___, 112 S.Ct. 3021, 120 L.Ed.2d 893 (1992). We summarily rejected the argument without addressing the procedural bar. Id.
[2] There was no objection at trial made to the wording of the "heinous, atrocious, or cruel" instruction. The objection went only to the applicability of that factor to the case.
[3] The jury recommended death by a vote of eight to four. Davis v. State, 586 So.2d 1038, 1039 (Fla. 1991). The trial court found four aggravating and no mitigating circumstances. Id. at 1040 & n. 2. The aggravating circumstances found in accordance with section 921.141(5), Florida Statutes (1985), were that the murder was cold, calculated, and premeditated; was heinous, atrocious, or cruel; was committed while under sentence of imprisonment; and appellant was previously convicted of a capital felony or felony involving the use or threat of violence. Id.