PER CURIAM.
James Mitchel Reed, the' defendant in three felony cases pending below in Volu-sia County, petitions for a writ of prohibition, alleging that the State violated his right to a speedy trial in each case. Florida Rule of Criminal Procedure 3.191(a) provides that a person charged with a felony “shall be brought to trial within ... 175 days of arrest.” Reed was granted the right to represent himself in these cases and, pursuant to Florida Rule of Criminal Procedure 3.191(p)(2), he filed a Notice of Expiration of Speedy Trial Time, after having been in continuous custody in the Volusia County Jail for more than 175 days following his arrest. The trial court, thinking Reed was represented by counsel,[1] erroneously entered an order striking the notice. The court, therefore, did not hold a hearing on the notice of expiration of speedy trial within five days from the date Reed filed the notice, and Reed was not brought to trial within ten days of that date, as required by rule 3.191(p)(3). At this point, Reed, who through no fault of his own had not been brought to trial, was entitled to be “forever discharged” from the crimes “on motion of the defendant or the court.” Id. Instead, Reed then separately filed a Demand for Speedy Trial pursuant to rule 3.191(b), unwittingly providing the State an additional 60 days to bring him to trial. No calendar call was held on Reed’s demand as required under rule 3.191(b)(1), and the time to bring Reed to trial again expired. At that time, Reed appropriately filed a motion for discharge in his cases, which the trial court subsequently denied.
“‘Prohibition is the appropriate remedy to prevent a trial court from proceeding against an accused after the erroneous denial of a motion for discharge based on a violation of the speedy trial *457 rule.’ ” Hill v. State, 132 So.3d 925, 930 (Fla. 1st DCA 2014) (quoting Cespedes v. State, 17 So.3d 302, 303 (Fla. 4th DCA 2009)). Based on the allegations in the petition for writ of prohibition, we ordered the State to file a response. The State, in its response, did not expressly argue that the petition should be denied, but asserted only that this court should “rule as necessitated by the interests of justice.” Because the record in this case established that Reed’s right to a speedy trial was violated, we grant the petition for writ of prohibition and order the trial court to discharge James Mitchel Reed in Volusia County Case Nos.2013-CF-306690, 2013-CF-306776, and 2013-CF-306786.
PETITION GRANTED.
TORPY, C. J., SAWAYA and LAMBERT, J.J., concur.

. The trial court cited to Davis v. State, 586 So.2d 1038, 1041 (Fla.1991), vacated on other grounds by 505 U.S. 1216, 112 S.Ct. 3021, 120 L.Ed.2d 893 (1992), which held that "[a] criminal defendant does not simultaneously enjoy a right to assistance of counsel and the right to represent himself.”