IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BENJAMIN DERISO,

     Petitioner,

 v.                                        Case No.  5D17-1381

STATE OF FLORIDA,

     Respondent.

_____/

Opinion filed June 7, 2017

Petition for Writ of Prohibition,
Morgan Laur Reinman, Respondent Judge.

Benjamin Deriso, Orlando, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Respondent.


LAMBERT, J.

     Benjamin Deriso, the defendant in a felony case pending below in Brevard County,

petitions for a writ of prohibition, alleging that the State violated his right to a speedy trial.

As we outline below, Deriso is correct. Therefore, we grant his petition.

     On August 25, 2015, the State filed an information charging Deriso with one count

of acquiring a controlled substance by misrepresentation, fraud, forgery, deception, or

subterfuge in violation of section 893.13(7)(a), Florida Statutes (2014).  On July 15, 2016,

Deriso, who at all times relevant has been a prisoner in Florida in state custody for an unrelated conviction, filed a demand for speedy trial pursuant to Florida Rule of Criminal Procedure 3.191(b). That rule provides, in pertinent part, that "every person charged with a crime by indictment or information shall have the right to demand a trial within 60 days, by filing with the court a separate pleading, entitled 'Demand for Speedy Trial,' and serving a copy on the prosecuting authority." Fla. R. Crim. P. 3.191(b); *accord Brown v. State*, 798 So. 2d 773, 774 (Fla. 2d DCA 2001).

Once a defendant files a demand for speedy trial, the trial court is required to hold a calendar call within the next five days "for the express purposes of announcing in open court receipt of the demand" and to set the case for trial "no less than 5 days nor more than 45 days from the date of the calendar call." Fla. R. Crim. P. 3.191(b)(1)-(2). Here, instead of holding the calendar call, the court entered an order on July 22, 2016, "denying" Deriso's demand for speedy trial, finding that "the speedy trial rule does not apply as [Deriso] is currently a prisoner outside the jurisdiction of [the] court." This was error. "A prisoner in Florida in state custody may demand speedy trial, even though he or she is not in the jurisdiction of the court where the charge is pending." *Brown*, 798 So. 2d at 774 n.1 (citing *Cheeks v. Swanson*, 541 So. 2d 1346 (Fla. 2d DCA 1989)). Rule 3.191(b) does not require that Deriso be physically in custody in Brevard County in order to demand speedy trial on the charge filed there. *See id.*; *Carter v. State*, 509 So. 2d 1126, 1128 (Fla. 5th DCA 1987).

Because Deriso properly filed and served his demand for speedy trial, the trial court's failure to hold the calendar call did not toll the running of any time periods under this rule. *See* Fla. R. Crim. P. 3.191(b)(3). Deriso was not brought to trial within fifty days

2

of filing his demand. Thus, pursuant to rule 3.191(b)(4), this triggered Deriso's right to pursue further relief under subdivision (p), which provides, in pertinent part, that after the expiration of the prescribed time period, "the defendant may file a separate pleading entitled 'Notice of Expiration of Speedy Trial Time,' and serve a copy on the prosecuting authority." Fla. R. Crim. P. 3.191(p)(2).

Deriso timely and properly filed his notice advising the court and the prosecutor of the expiration of speedy trial. The trial court was then required to hold a hearing on Deriso's notice of expiration of speedy trial no later than five days from the date that the notice was filed and, unless one of the reasons set forth in subdivision (j) existed, order that Deriso be brought to trial within ten days. *See* Fla. R. Crim. P. 3.191(p)(3). This rule further provides that if, through no fault of his or her own, a defendant is not brought to trial within this ten-day period, then upon motion of either the defendant or the court, the defendant is forever discharged from the crime.

The trial court did not hold the required hearing on Deriso's notice of expiration of speedy trial time nor did it separately order Deriso to be brought to trial. Twenty-one days after he filed his notice of expiration of speedy trial, Deriso filed a demand for discharge pursuant to rule 3.191(b)(4) and (p)(3). In response, the trial court entered an order denying Deriso's demand for discharge, finding that because Deriso had not appealed the court's earlier denial of his demand for speedy trial, "the State was not required to bring [Deriso] to trial within 60 days and [Deriso's] subsequent filings are moot." This, too, was error.

"Prohibition is the appropriate remedy to prevent a trial court from proceeding against an accused after the erroneous denial of a motion for discharge based on a

3

violation of the speedy trial rule." *Reed v. State*, 154 So. 3d 455, 456-57 (Fla. 5th DCA 2014) (quoting *Hill v. State*, 132 So. 3d 925, 930 (Fla. 1st DCA 2014)). Based on the allegations in the petition for writ of prohibition, we ordered the State to file a response, which it did. The State conceded that the grounds stated by the trial court in denying both Deriso's demand for discharge and his earlier demand for speedy trial were not supportable. Nevertheless, the State argues that pursuant to the "tipsy coachman" doctrine,[1] the court was correct in denying Deriso's demand for discharge pursuant to rule 3.191(j)(4) because his demand for speedy trial was invalid. The State contends that Deriso's demand for speedy trial was invalid because Deriso did not affirmatively represent in the demand that he was ready for trial and Deriso had conducted no discovery nor provided the State with a list of his witnesses. The State's argument is based on rule 3.191(g), which provides, in pertinent part, that "[n]o demand for speedy trial shall be filed or served unless the accused has a bona fide desire to obtain a trial sooner than otherwise might be provided" and that "[a] demand filed by an accused who has not diligently investigated the case or who is not timely prepared for trial shall be stricken as invalid upon motion of the prosecuting attorney."

Based on the record of this case, we disagree with the State. First, the prosecutor never filed a motion to strike Deriso's demand for speedy trial as invalid. Second, pursuant to rule 3.191(g), "[a] demand for speedy trial shall be considered a pleading that the accused is available for trial, has diligently investigated the case, and is prepared or

---

[1] The "tipsy coachman" doctrine allows an appellate court to affirm a trial court that "reaches the right result, but for the wrong reasons" so long as "there is any basis which would support the judgment in the record." *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644-45 (Fla. 1999).

will be prepared for trial within 5 days."  Although Deriso has not engaged in discovery nor provided a witness list, there is no requirement under Florida Rule of Criminal Procedure 3.220(a) that a defendant participate in discovery, and the mere fact that Deriso "decide[d] to forego discovery in exchange for a speedy trial cannot serve as an independent basis for striking a demand as invalid . . . ."  *See Landry v. State*, 666 So. 2d 121, 127 (Fla. 1995); *accord Martin v. State*, 503 So. 2d 994 (Fla. 1st DCA 1987) (stating that a demand for speedy trial is not per se invalid simply because defendant has not engaged in discovery).  The court must look at the objective evidence in the record to determine whether an accused's demand for speedy trial is valid.  *Landry*, 666 So. 2d at 128.  Here, Deriso has filed no other pleadings or motions that provide objective evidence that he has failed to diligently investigate the case or is not prepared to go to trial.  *Cf. Jones v. State*, 449 So. 2d 253, 262 (Fla. 1984) (finding that defendant was not prepared for trial where seventeen defense motions were pending at the time the demand was filed); *State v. Kaufman*, 421 So. 2d 776, 777-78 (Fla. 5th DCA 1982) (finding that filing a demand for discovery contemporaneously with a demand for speedy trial and then scheduling discovery depositions is "the antithesis of current preparedness for trial" and suggestive that a defendant has not diligently investigated his case and is not prepared, nor will be prepared, for trial in five days).  The subjective evaluation by the State here that Deriso is not ready for trial is insufficient.  *Cf. Landry*, 666 So. 2d at 128 ("The determination of whether a speedy trial demand is valid should not involve a subjective evaluation of trial strategy or mere second guessing by the trial court.").

Accordingly, because the record in this case established that Deriso's right to a speedy trial was violated, we grant the petition for writ of prohibition and order the trial

5

court to discharge Deriso from the charge filed in Case No. 15-CF-030067, in the Circuit Court of the Eighteenth Judicial Circuit, Brevard County, Florida.

PETITION FOR WRIT OF PROHIBITION GRANTED.

SAWAYA and WALLIS, JJ., concur.