PER CURIAM. We have for review Mark Alen Davis’s appeal of the circuit court’s order denying Davis’s motion filed pursuant to Florida Rule of Criminal Procedure 3.851. This Court has jurisdiction. See art. V, § 3(b)(1), Fla. Const. Davis’s motion sought relief pursuant to the United States Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and our decision on remand in Hurst v. State (Hurst), 202 So.3d 40 (Fla. 2016), cert. denied, — U.S. -, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). This Court stayed Davis’s appeal pending the disposition of Hitchcock v. State, 226 So.3d 216 (Fla. 2017), cert. denied, — U.S. -, 138 S.Ct. 513, 199 L.Ed.2d 396 (2017). Ater this Court decided Hitchcock, Davis responded to this Court’s order to show cause arguing why Hitchcock should not be dispositive in this case. Ater reviewing Davis’s response to the order to show cause, as well as the State’s arguments in reply, we conclude that Davis is not entitled to relief. Davis was sentenced to death following a jury’s recommendation for death by a vote of eight to four. Davis v. State, 620 So.2d 152, 153 n.3 (Fla. 1993). Davis’s sentence of death became final in 1994. Davis v. Florida, 510 U.S. 1170, 114 S.Ct. 1205, 127 L.Ed.2d 552 (1994). Thus, Hurst does not apply retroactively to Davis’s sentence of death. See Hitchcock, 226 So.3d at 217. Accordingly, we affirm the denial of Davis’s motion. The Court having carefully considered all arguments raised by Davis, we caution that any rehearing motion containing rear-gument will be stricken. It is so ordered. LABARGA, C.J., and POLSTON, and LAWSON, JJ., concur. PARIENTE, J., concurs in result with an opinion. LEWIS and CANADY, JJ., concur in result. QUINCE, J., recused.