BLUE, Acting Chief Judge.
Andre L. McNeal appeals his convictions for sale of cocaine and resisting arrest without violence. McNeal entered a no contest plea to the charges, reserving the right to appeal the denial of his dispositive motion for discharge based on a speedy trial violation. He argues on appeal that the trial court erred in sua sponte striking his demand for speedy trial. “A demand [for speedy trial] filed by the accused who has not diligently investigated his case or who is not timely prepared for trial shall be stricken as invalid upon motion by the prosecuting attorney.” Fla. R.Crim. P. 3.191(c) (emphasis added). Although the trial court’s order states that it was entered upon oral motion of the State, there *732 is no record evidence of such motion, oral or otherwise, and the State has not been able to supplement the record with either a written or oral motion to strike. Accordingly, we reverse. See Landry v. State, 666 So.2d 121, 125 (Fla.1995) (holding that the rules of criminal procedure do not authorize the sua sponte denial of a demand for speedy trial; motion by prosecuting attorney is required). ■
Reversed with directions to discharge McNeal in accordance with Florida Rule of Criminal Procedure 3.191(p)(3).
FULMER and SALCINES, JJ„ Concur.