# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0212
Lower Tribunal No. 2022-CF-002017

_____

STATE OF FLORIDA,

Appellant,

v.

ANDRES HIPOLITO,

Appellee.

_____

Appeal from the Circuit Court for Osceola County.
Tanya Davis Wilson, Judge.

April 10, 2026

MARTIN, R. H., Associate Judge.

The State of Florida appeals the trial court's order granting the motion of appellee, Andres Hipolito, to forever discharge him of the crimes with which he was charged based on an expiration of the time for speedy trial after his demand. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(A). Because neither the trial court's written order nor its oral pronouncement discharging Hipolito reflect the trial court made the required inquiry under Florida

Rule of Criminal Procedure 3.191(p)(1) and (j) (2024),[1] we reverse and remand for further proceedings.

## I.    Background

The State, through the statewide prosecutor, charged Hipolito along with ten other persons by information in July 2022 with various felony drug trafficking and related charges.  Hipolito was arrested the same month, pleaded not guilty, posted bond, and was released.  Early in the case, he waived speedy trial.  After his bond was revoked in early 2023, he remained in custody until discharged by the order now appealed.  The case was set for trial numerous times by the trial court and was continued without objection on motion of the State and Hipolito.  After again waiving speedy trial in 2024, Hipolito moved for a continuance four times that year, without objection from the State, with the trial court finding each time the defense was unprepared for trial.

On August 24, 2024, Hipolito filed an "Omnibus Motion for Relief," which included motions to dismiss, for bond, to suppress, and for a rule to show cause. With that motion pending, on October 21, 2024, Hipolito filed a demand for speedy trial.  The same day, he also filed a motion to sever his case from his codefendants and an addendum and amendments to his omnibus motion.  On October 23, 2024,

[1] Rule 3.191 was recently amended, effective July 1, 2025. *See In re Amend. to Fla. R. Crim. P. 3.191*, 411 So. 3d 385 (Fla. 2025). The 2024 version applicable to this appeal is referred to throughout this opinion.

the trial court held the calendar call required by rule 3.191(b)(1) to address Hipolito's speedy trial demand. Hipolito's counsel characterized his pending motions as "pretty de minimis" requiring only about thirty minutes of hearing time. The State advised the trial court that, at that time, it saw no reason to strike the speedy trial demand if the pending motions could be heard before trial. Because the case was already set for trial on December 9, the trial court scheduled the pending motions initially for hearing in late November.

Three weeks later, Hipolito filed several more substantive motions. On November 15, 2024, he filed a motion for sanctions against the State for a discovery violation. On November 18, 2024, the trial court heard and denied Hipolito's motion for severance and set Hipolito's other pending motions for hearing two days later. The trial court held a two-hour hearing on November 20 concerning Hipolito's motion for sanctions and omnibus motion and denied the motion for sanctions and motion to dismiss. At the conclusion of that hearing, Hipolito's counsel raised a spousal privilege issue as to the testimony of Hipolito's wife and the need to take her deposition. After the trial court questioned whether defense counsel was actually ready for trial, Hipolito's counsel sidestepped the issue and asked the trial court to leave the case "in trial posture for right now" and said, "[n]othing else to do" before trial. The trial court left the case on the December 9 trial calendar.

Then, on November 24, 2024, Hipolito filed two more substantive motions: a "notice of choice of venue" seeking to have his trial moved within the Ninth Judicial

Circuit from Osceola County, where it had been heard since inception, to Orange County and a motion to remove the statewide prosecutor as the prosecutorial authority in his case for lack of jurisdiction. The latter motion sought a ruling from the trial court that the case was outside the statutory authority of the office of statewide prosecution and to "grant whatever other relief is necessary," including ruling that the state attorney was authorized to prosecute the case "during the time remaining under speedy trial."

On December 11, 2024, Hipolito filed a notice of expiration of speedy trial, pursuant to rule 3.191(p)(2). The same day, he also filed a second motion for sanctions and for a *Richardson*[2] hearing based on another alleged discovery violation by the State.

On December 13, 2024, the trial court held the hearing required under rule 3.191(p)(3) to address Hipolito's notice of expiration of speedy trial. The State acknowledged the initial 60-day speedy trial period under rule 3.191(b)(1) had expired and that the case was in the recapture period authorized under rule 3.191(p)(3).[3] The trial court noted the trial must commence on or before January

_____

[2] *Richardson v. State*, 246 So. 2d 771 (Fla. 1971).
[3] By administrative order in effect at the time, the Supreme Court of Florida had extended the recapture period from 10 days to 30 days. *See In re COVID-19 Health & Safety Protocols & Emergency Operational Measures for Fla. App. & Trial Courts*, Fla. Admin. Order AOSC21-17, Amend. 1, at 25-26 (July 29, 2021); *In re COVID-19 Admin. Orders*, Fla. Admin. Order No. AOSC25-37, at 2 (June 9, 2025).

10, 2025, and set the case for trial during the week of January 6, 2025. The trial court inquired about pending motions. Hipolito's counsel identified as pending the motions for *Richardson* hearing, for change of venue to Orange County and to remove the office of statewide prosecution. The trial court set these motions for hearing on December 23.

At the December 23, 2024, hearing, the trial court denied the motion for change of venue. During the hearing on the motion to remove the office of statewide prosecution, the State attempted to move into evidence, through the testimony of the investigating agent, a copy of the probable cause affidavit supporting the arrest warrant. Hipolito's counsel objected because the document was not the original signed affidavit, which the agent testified was in a box in the agent's office. Hipolito's counsel insisted on inspecting the original affidavit and that it be filed with the clerk pursuant to a local administrative order. Recognizing that, to give Hipolito's counsel an opportunity to inspect the original affidavit, the hearing could not proceed, and due to the substantive nature of the pending motions, the trial court sua sponte struck Hipolito's speedy trial demand. The trial court also ordered the agent to file the original affidavit with the clerk by the following day, and the court reset the case for pretrial conference on January 16 and for a trial term beginning on January 27, 2025. Hipolito's counsel objected to the speedy trial demand being stricken.

On January 16, 2025, Hipolito filed a motion for discharge, claiming the recapture period had expired and the trial court's sua sponte striking of his speedy trial demand was invalid under the Second District's decision in *McNeal v. State*, 750 So. 2d 731 (Fla. 2d DCA 2000). The State filed a response, arguing the motion for discharge should be denied because, under the factors required to be considered in rule 3.191(j), Hipolito was not prepared to go to trial within five days of his demand, and his motion for speedy trial was invalid due to the numerous, substantive post-demand motions he filed and insisted be heard. The trial court heard the motion for discharge on January 25, 2025. At that hearing, the State also argued Hipolito should not be discharged because he had caused the delays. In a written order entered on January 27, 2025, the trial court granted Hipolito's motion for discharge solely on the basis that it concluded its sua sponte striking of the speedy trial demand was improper under *McNeal*.

## II.    Analysis

A trial court's ruling on a motion for discharge presents mixed questions of law and fact. *Davis v. State*, 286 So. 3d 170, 173 (Fla. 2019). Factual findings are reviewed for competent, substantial evidence, while the trial court's application of the law to the facts is reviewed de novo. *Id.* at 174.

Rule 3.191(b) provides that every person charged with a crime has a right to demand a trial within 60 days by filing a demand for speedy trial. Subdivision (g) of the rule provides:

> A demand for speedy trial shall be considered a pleading that the accused is available for trial, has diligently investigated the case, and is prepared or will be prepared for trial within 5 days. A demand filed by an accused who has not diligently investigated the case or who is not timely prepared for trial shall be stricken on motion of the prosecuting attorney.

Fla. R. Crim. P. 3.191(g). In *McNeal*, 750 So. 2d at 732, a one-paragraph opinion with few facts, the Second District reversed an order denying a motion for discharge when a trial court struck a speedy trial demand without any record evidence of a motion by the prosecuting attorney. Here, the State concedes that the trial court's sua sponte striking of Hipolito's speedy trial demand at the December 23 hearing was error because the State made no motion seeking that relief.

However, as the State correctly argued below and raises on appeal, that did not end the trial court's inquiry on a motion for discharge. Rule 3.191(p)(1) provides, "No remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j)." Rule 3.191(j) provides, in relevant part:

> (j) Delay and Continuances; Effect of Motion. If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that:
>
> ***
> (2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel;
>
> ***
> (4) the demand referred to in subdivision (g) is invalid.

7

If the court finds that discharge is not appropriate for reasons under subdivisions (j)(2), (j)(3), or (j)(4), the pending motion for discharge shall be denied, provided, however, that trial shall be scheduled to commence within 90 days of a written or recorded order of denial.

As explained in *Landry v. State*, 666 So. 2d 121, 126 (Fla. 1995):

Subdivision (j)(4) of rule 3.191 provides the only vehicle for the trial court to consider the validity of a demand for speedy trial, absent a challenge by the State under subdivision (g). This provision serves as a safety valve to ensure that a defendant does not control the court's docket or obtain discharge by filing a spurious demand under subdivision (b). *See Jones* [*v. State*], 449 So. 2d [253,] 262 [(Fla. 1984)] (trial court considered whether demand for speedy trial was valid after motion for discharge was filed); *accord State ex rel. Hanks v. Goodman*, 253 So. 2d 129 (Fla.1971) (defendant should not be discharged after expiration of speedy trial time based on demand until court determines that defendant had a bona fide desire to obtain speedy trial and accused or counsel has diligently investigated case and is prepared for trial; if these prerequisites are not met demand should be stricken as invalid). Under subdivision (j), if the court finds that the demand is invalid, the court should strike the demand, deny the motion for discharge, and schedule the trial to begin within ninety days of the denial.

Like *McNeal* on which the trial court relied, *Landry* held a trial court lacked the authority to "deny" an accused's speedy trial demand on its own initiative. *See Landry*, 666 So. 2d at 125 ("A sua sponte denial of a demand for speedy trial does not somehow stop the time periods set forth in subdivision (b) from running, as the trial judge in this case obviously believed."). Even though it relied on *Landry*, *McNeal* makes no mention of rule 3.191(j) or any of its factors. Both the plain text

8

of rule 3.191(p) and *Landry* require trial courts to address the factors in rule 3.191(j) before granting discharge.

Before granting Hipolito's motion for discharge, rule 3.191(p) required the trial to conduct the inquiry under subdivision (j), regardless of whether the State had moved to strike the speedy trial demand. Neither the trial court's written order nor its oral pronouncement indicates the trial court analyzed any of the grounds the State raised under rule 3.191(j). Accordingly, we reverse the order on appeal and remand to the trial court for rehearing on Hipolito's motion for discharge.

REVERSED and REMANDED with instructions.

TRAVER, C.J., and WOZNIAK, J., concur.


James Uthmeier, Attorney General, Tallahassee, and Richard A. Pallas, Jr., and Kaylee D. Tatman, Assistant Attorneys General, Daytona Beach, for Appellant.

Robert R. Berry, of The Law Office of Robert R. Berry, P.A., Tallahassee, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED